IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY WAYNE ROLAND            PLAINTIFF

VS.            NO. 4:20cv111-DMB-DAS

HUMPHREYS COUNTY, MISSISSIPPI; SHERIFF
CHARLES SHARKEY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; DEPUTY DEXTER MCPHERSON,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND
DEPUTY JEFFERY JONES, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY            DEFENDANTS

## *COMPLAINT*

**COMES NOW** the Plaintiff, **JERRY WAYNE ROLAND**, by and through his attorney, Boyd P. Atkinson, and files this his Complaint against the Defendants, **HUMPHREYS COUNTY, MISSISSIPPI; SHERIFF CHARLES SHARKEY**, in his individual and official capacity; **DEPUTY DEXTER MCPHERSON**, in his individual and official capacity; and **DEPUTY JEFFERY JONES**, in his individual and official capacity; and in support thereof would show unto the Court the following facts, to-wit:

### *PARTIES*

1. Plaintiff is an adult resident citizen of Humphreys County, Mississippi, who resides at 206 North Collins, Isola, Mississippi, 38754.

2. The Defendant, Humphreys County, Mississippi, is a governmental entity of the State of Mississippi and may be served with process by service of process on the Humphreys County Chancery Clerk, Mark D. Liddell, at 102 Castleman Street, #2, Belzoni, Mississippi, 39038.

3. The Defendant, Sheriff Charles Sharkey, is the Sheriff of Humphreys County, Mississippi and may be served with process of this Court at 106 Castleman Street, Belzoni, Mississippi, 39038.

4. The Defendant, Deputy Dexter McPherson, is a deputy sheriff with the Humphreys County Sheriff's Department and may be served with process at the Humphreys County Sheriff's Department at 106 Castleman Street, Belzoni, Mississippi, 39038.

5. The Defendant, Deputy Jeffery Jones, is a deputy sheriff with the Humphreys County Sheriff's Department and may be served with process at 106 Castleman Street, Belzoni, Mississippi, 39038.

## *JURISDICTION*

6. Jurisdiction of this Court arises under 28 U.S.C., Section 1331 and 1367 and 42 U.S.C., Section 1983.

7. Jurisdiction of this Court for the pendent claims is authorized under Federal Rule of Civil Procedure 18(a).

8. Further, the actions complained of constitute arbitrary governmental action in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## *FACTS*

9. On January 8, 2019, the Defendant, Deputy Dexter McPherson, arrested the Plaintiff on a charge of grand larceny; see attached Exhibit "A". The Plaintiff subsequently made bond on this charge.

10. On January 9, 2019, the Defendant, Deputy Sheriff Jeffery Jones, arrested the Plaintiff on a charge of commercial burglary and incarcerated the Plaintiff in the

Holmes/Humphreys County Regional Correctional Facility; see Exhibit "B".

11. On February 21, 2019, the charge of grand larceny was ultimately reduced to trespassing by Justice Court Judge, Abraham Gates; a copy of which is attached hereto as Exhibit "C".

12. At a preliminary hearing held on March 14, 2019, the charge of commercial burglary was dismissed because the victim did not appear. See collective Exhibit "D".

13. The Plaintiff would further state that while incarcerated at the Holmes/Humphrey County Regional Correctional Facility, he was assaulted several times by correctional officers at the correctional facility. On October 10, 2019, he was taken to the hospital and the attending physician who treated him advised him that he needed more care than he could get in the general population when he returned to the correctional facility. The Humphreys County Sheriff's Department was contacted by the correctional facility, the Sheriff's Department came and picked up the Plaintiff on October 11, 2019, drove him to the city limits of Belzoni, Mississippi, and put him out of the car. The Plaintiff had to call his father to come pick him up.

14. The Plaintiff would show that he remained incarcerated in the Holmes/Humphreys County Regional Correctional Facility from January 9, 2019 until his release on October 11, 2019.

15. Because of the Defendants' actions, the Plaintiff, Jerry Wayne Roland, was forced to be incarcerated for 275 days, 19 hours and 7 minutes; see attached Exhibit "E". The Plaintiff would further state that, had the Defendants notified the Holmes/Humphreys County Regional Correctional Facility that the charges against the Plaintiff had either been dismissed or reduced to a misdemeanor, the hold would have been lifted and the Plaintiff would have been released from custody.

## CAUSES OF ACTION

### COUNT ONE - VIOLATION OF 42 U.S.C. SECTION 1983: ARREST AND DETENTION

16. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

17. As a proximate cause of the Defendants' reckless disregard for the safety of the Plaintiff, Jerry Wayne Roland, the Plaintiff was deprived of his liberty in violation of his Fifth and Fourteenth Amendment rights and was confined illegally in the Holmes/Humphreys County Regional Correctional Facility for 275 days, 19 hours and 17 minutes.

### COUNT TWO - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL HARM

18. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

19. At all times relevant herein, the Defendants' extreme and outrageous conduct, and reckless disregard for the safety and well being of the Plaintiff, Jerry Wayne Roland, caused severe emotional distress, as well as physical distress ' months.

### COUNT THREE - NEGLIGENCE

20. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

21. The Defendants owed the Plaintiff a duty to act in accordance with the standards of accepted police procedure. The Defendants breached said duty by failing to act as reasonable law enforcement officers would act and acted in reckless disregard for the safety and well being of the Plaintiff, Jerry Wayne Roland, causing the Plaintiff to be

illegally incarcerated in the Holmes/Humphreys County Regional Correctional Facility for 275 days, 19 hours, and 7 minutes.

22. The Plaintiff's right to due process was violated because "prohibition against improper use of the 'formal restraints imposed by the criminal process' lies at the heart of the liberty interests protected by the Fourteenth Amendment due process clause". ***Jones v. City of Jackson, 203 F.3d 875 (5th Cir. 2000).***

23. The Plaintiff's incarceration imperiled his job, interrupted his source of income, and impaired his family relationship.

24. The Defendant, Sheriff Charles Sharkey, failed to properly supervise his officers, the Defendant deputies, employees of the Humphreys County Sheriff's Department, and as a direct and proximate breach of his duty, Plaintiff, Jerry Wayne Roland, suffered and continues to suffer pain and anguish, severe emotional trauma, humiliation, loss of employment and wages, and other resultant injuries.

25. The Plaintiff, Jerry Wayne Roland, claims that the action of the Defendant, Humphreys County, Mississippi, by the Plaintiff's excessive and unnecessary incarceration, by and of itself, violates federal law or directs an employee to do so, and the causation determination "is straightforward". ***Bd. Of Cnty. Comm'rs of Bryant Cnty., Okla. V. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388 (1997)***

## CAUSES OF ACTION

26. Plaintiff incorporates and adopts all prior paragraphs, averments and statements.

27. As a proximate cause of the Defendants' deliberate indifference for the safety, health and well-being of the Plaintiff, the Plaintiff was deprived of his liberty in violation of his Fourteenth Amendment rights and was confined in the

Holmes/Humphreys County Regional Correctional Facility for 275 days, 19 hours, and 7 minutes. The actions of Defendants herein were unconstitutional. See ***Jauch v. Choctaw Cty., 874 F. 3d 425, 435 (5th Cir. 2017)***. Mr. Roland's protected liberty interests were deprived by an unfair procedural scheme of Humphreys County, Mississippi and the Humphreys County Sheriff's Department. Its requisite policymaker, Sheriff Charles Sharkey, instituted a policy whereby certain arrestees were indefinitely detained without access to courts or the benefit of basic constitutional rights. The Defendants are also liable as the unlawful detention was carried out pursuant to a policy or custom of the Humphreys County Sheriff's Department, and said policy or custom was the moving force behind the constitutional violations. Humphreys County, Mississippi is liable for the actions of the requisite policymaker, Sheriff Charles Sharkey.

## *PLAINTIFF'S FIRST CLAIM FOR RELIEF*

## *(42 U.S.C. Section 1983 Fourth and Fourteenth Amendments; Sheriff Sharkey's Liability)*

28. Plaintiff adopts by reference the foregoing paragraphs.

29. Plaintiff brings a claim against Sheriff Charles Sharkey, in his individual capacity, pursuant to 42 U.S.C. Section 1983, for actual and punitive damages.

30. At all material times, Sheriff Sharkey was acting under color of state law as an agent and employee of Humphreys County, Mississippi. The Defendant was acting in the course and scope of his duties as the Sheriff of Humphreys County, Mississippi and at the time, proper procedures were not followed concerning the release of Plaintiff from custody after all charges had been dropped.

31. The Sheriff of Humphreys County, Mississippi was negligent and unreasonable by not notifying the correctional facility that the charges had been dropped against

Plaintiff, thereby causing him to remain incarcerated, and therefore, under color of state law, Defendant, Sheriff Charles Sharkey, violated Plaintiff's rights under the Fourth and Fourteenth Amendments and caused the Plaintiff injury.

## *PLAINTIFF'S SECOND CLAIM FOR RELIEF*

## *(42 U.S.C. Section 1983, County Liability)*

32. Plaintiff adopts by reference the foregoing paragraphs.

33. Upon information and belief, the Defendant, Humphreys County, Mississippi, is also liable for violating Plaintiff's constitutional rights under 42 U.S.C. Section 1983, as said governmental entity and officials violated Plaintiff's constitutional rights via official policies or customs of which said Defendants had actual or constructive knowledge and said policies, customs, patterns, and/or practices were the "moving forces" of the constitutional violations perpetrated by Sheriff Charles Sharkey.

34. The Defendant, Humphreys County, Mississippi, was grossly negligent and/or wanton in failing to monitor the actions of Sheriff Charles Sharkey, Deputy Dexter McPherson, and Deputy Jeffery Jones. It further negligently and/or wantonly failed to train the aforementioned Defendants to properly keep the necessary records and to make the necessary records available to the correctional facility where Plaintiff was housed. The Defendant, Humphreys County, Mississippi further negligently and wantonly failed to follow proper policies and procedures.

35. As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damage set forth herein and all damages that will be proven at trial.

## **RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment

for the causes of action listed herein for special, punitive, and compensatory damages, plus the costs of this action, including attorney's fees and such other relief that this Court deems just and equitable.

    **RESPECTFULLY SUBMITTED** on this the 22nd day of June, A.D., 2020.

                            **JERRY WAYNE ROLAND, PLAINTIFF**

           BY: _____
                  **BOYD P. ATKINSON, MSB #8324**
                  *Attorney for Plaintiff*

*OF COUNSEL:*

**BOYD P. ATKINSON**
*Attorney at Law*
**MSB No. 8324**
**P.O. Box 427**
**Cleveland, MS 38732**
**(662) 843-9766**

**STATE OF MISSISSIPPI**
**COUNTY OF BOLIVAR**

    ***PERSONALLY*** appeared before me the undersigned authority at law in and for the jurisdiction aforesaid, the within named, **BOYD P. ATKINSON, Attorney for Plaintiff, JERRY WAYNE ROLAND**, who after being by me first duly sworn, states on oath that the matters and facts set out in the above and foregoing Complaint are true and correct as therein stated to the best of his information and belief.

    ***SWORN TO AND SUBSCRIBED*** before me on this the 22nd day of June, A.D., 2020.

My Commission Expires: _____
                                   ***NOTARY PUBLIC***