**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JERRY WAYNE ROLAND**                                                          **PLAINTIFF**

**V.**                                                          **NO. 4:20-CV-111-DMB-DAS**

**HUMPHREYS COUNTY,
MISSISSIPPI, et al.**                                                       **DEFENDANTS**

**ORDER**

On June 25, 2020, Jerry Wayne Roland filed a complaint in the United States District Court for the Northern District of Mississippi against Humphreys County, Mississippi; Sheriff Charles Sharkey, in his individual and official capacity; Deputy Dexter McPherson, in his individual and official capacity; and Deputy Jeffery Jones, in his individual and official capacity. Doc. #1. The complaint alleges violations of constitutional rights arising from Roland's incarceration at the Holmes/Humphreys County Regional Correctional Facility. *Id*. at 4–8.

Roland moved for entry of a default against all the defendants on July 31, 2020. Doc. #6. After the Clerk of Court issued a notice of correction advising Roland that an affidavit in support of default was required by Federal Rule of Civil Procedure 55(a), Roland, on August 4, 2020, filed an amended motion for entry of default. Doc. #7. The amended motion was supported by the required affidavit. Doc. #7-1. The Clerk of Court entered a default against the defendants on August 5, 2020. Doc. #8.

The next day, Roland moved for a default judgment against the defendants. Doc. #9. However, the motion is not accompanied by a memorandum brief as required by Local Rule 7(b)(4) and does not request that the memorandum requirement be waived. Even had Roland requested the memorandum requirement be waived, the Court would not find waiver appropriate

given the sparse and conclusory nature of the motion.[1]

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here. Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports Prods.*, 126 F. Supp. 3d at 814. In evaluating whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Though the motion requests a default judgment and "a hearing to establish the amount of damages and to establish the Plaintiff's proof on the allegations contained in his Complaint"

---

[1] The text of the motion for default judgment is substantially similar to that in the motion for entry of default, and the prayer for relief in both motions is the same.

pursuant to Federal Rule of Civil Procedure "55(b)(2)(B)(C),"[2] the motion does not mention the claims in the complaint or even attempt to explain why a default judgment is procedurally justified.[3] Given Roland's failure to comply with this Court's Local Rules and the otherwise deficient nature of his motion, the motion for default judgment [9] is **DENIED without prejudice**.

    **SO ORDERED**, this 12th day of August, 2020.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. #9 at 1.

[3] The motion also does not state whether the damages sought are unliquidated or incapable of mathematical calculation.