**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JERRY WAYNE ROLAND**                                        **PLAINTIFF**

**VS.**                                        **NO. 4:20-CV-111-DMB-DAS**

**HUMPHREYS COUNTY,**
**MISSISSIPPI, et al.**                                        **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, HUMPHREYS**
**COUNTY MISSISSIPPI, SHERIFF CHARLES SHARKEY, DEPUTY SHERIFF**
**DEXTER MCPHERSON AND DEPUTY SHERIFF JEFFERY JONES,**
**IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**

COME NOW the defendants, Humphreys County, Mississippi, and Sheriff Charles

Sharkey, Deputy Dexter McPherson, and Deputy Jeffery Jones, in their individual and official

capacities, and file this their Answer and Affirmative Defenses to the Complaint filed against

them by the plaintiff in this action.

**FIRST DEFENSE**

The defendants assert all defenses available to them as set forth in *FRCP* 12(b) (1)

through 12(b) (7), along with those found in *FRCP* 8(c).

**SECOND DEFENSE**

Certain purported claims in the Complaint may be barred by applicable statutes of

limitations.

**THIRD DEFENSE**

Sheriff Sharkey, Deputy Dexter McPherson, and Deputy Jeffery Jones, at all times

complained of in the Complaint, acted in good faith toward the plaintiff, acted without malice,

acted without reckless disregard, and acted without any intent to cause the plaintiff any harm.  As

a result, they are immune from any liability to the plaintiff in their individual capacities under existing federal law.

## FOURTH DEFENSE

Sheriff Sharkey, Deputy Dexter McPherson, and Deputy Jeffery Jones, at all times complained of in the Complaint, did not commit any act that violated a clearly established constitutional right held by the plaintiff of which a reasonable person would have known. As a result, they are immune from any liability to the plaintiff in their individual capacities under existing federal law.

## FIFTH DEFENSE

Sheriff Sharkey Deputy Dexter McPherson, and Deputy Jeffery Jones enjoy qualified immunity against the individual claims the plaintiff makes against them in his Complaint.

## SIXTH DEFENSE

The defendants are entitled to the protection of sovereign immunity from lawsuit and liability pursuant to *Miss. Code Ann*. § 11-46-1 *et seq.*, the provisions of which bar the instant claims. Additionally, the defendants assert all substantive and procedural defenses available to them pursuant to *Miss. Code Ann.* §§ 11-46-1 *et seq*., including those found in §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17. To the extent that the plaintiff's Complaint may seek a jury trial on any state law claim, the defendants move to strike this demand.

## SEVENTH DEFENSE

Without limiting any causes of action filed by the plaintiff that may be subject to dismissal by this Court pursuant to *FRCP* 12(b) (6), the defendants state that all claims by the

2

plaintiff that the defendants violated any constitutional right the plaintiff held under any Amendment to the United States Constitution, including the Fourth, Fifth, and Fourteenth, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## EIGHTH DEFENSE

The defendants invoke all remedies and defenses available to them pursuant to Mississippi's Tort Reform Acts of 2003 and 2004, including, but not limited to, *Miss. Code Ann.* §§ 11-1-60, 11-1-65, 11-1-69, and 85-5-7.

## NINTH DEFENSE

Without waiving the foregoing, the defendants assert that if any injuries or damages alleged in the plaintiff's Complaint were incurred by the plaintiff, which they deny, such injuries or damages were caused solely by or contributed to by the acts or omissions of the plaintiff or by others for whose acts the defendants have no liability, vicarious or otherwise.

## TENTH DEFENSE

Without waiving the foregoing, these defendants assert that if any injuries or damages alleged in the plaintiff's Complaint were incurred by the plaintiff, which they deny, such injuries or damages were caused by or contributed to by independent, intervening or superseding acts or omissions of others for whose acts the defendants have no liability, vicarious or otherwise, or by preexisting conditions for which the defendants are not liable.

## ELEVENTH DEFENSE

The defendants invoke all provisions of *Miss. Code Ann.* § 85-5-7, and assert all defenses, rights privileges, and immunities that they may be able to assert under that Section.

**TWELFTH DEFENSE**

Any alleged injuries, constitutional or otherwise, the plaintiff is claiming that he suffered, which defendants specifically deny, were caused solely by the acts or omissions of another or others for whose conduct the defendants are not responsible and for whose conduct the defendants had no reason to foresee or anticipate.

**THIRTEENTH DEFENSE**

The plaintiff's claims may be barred by the doctrines of estoppel, laches, collateral estoppel, judicial estoppel, and/or res judicata and all other equitable defenses under *Fed. R. Civ. P.* 8(c).

**FOURTEENTH DEFENSE**

Acts or omissions of other persons and/or entities who are not parties to this cause may have been a superseding or intervening cause of any injuries or damages claimed by the plaintiff in this action.

**FIFTEENTH DEFENSE**

Although denying that the plaintiff is entitled to an award of punitive damages or any such extra-contractual relief whatsoever in this matter against the defendants under state or federal law, the defendants affirmatively state as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Mississippi Constitution;

4

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of §14 of the Mississippi Constitution;

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of § 28 of the Mississippi Constitution.

**SIXTEENTH DEFENSE**

The Complaint, and each and every claim for damages contained therein, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of the plaintiff.

**SEVENTEENTH DEFENSE**

The defendants contend that the plaintiff willingly, voluntarily, and knowingly assumed each and every risk and hazard involved in his activities as described in the Complaint.

**EIGHTEENTH DEFENSE**

The individual defendants deny that they can be sued in their official capacities since any suit against a governmental employee in her official capacity is actually a suit against the governmental entity that has employed her. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

**RESERVATION OF DEFENSES**

The defendants are without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses applies in this matter. However, contingent on the facts reveled by investigation and discovery, the defendants expressly reserve their right to raise any additional defenses and affirmative defenses which may be applicable.

And now having set forth his affirmative defenses, the defendants answer the plaintiff's Complaint paragraph by paragraph as follows:

**ANSWER**

The defendants deny each and every allegation found in the beginning and untitled first paragraph of the plaintiff's Complaint.

**PARTIES**

1.      The defendants lack sufficient knowledge or information to respond to the allegations in paragraph 1 of the Complaint, and, therefore, they deny those allegations.

2.      Other than admitting that Humphreys County is a governmental entity, and that it may be served with process through Mark D. Liddell, Chancery Clerk, the defendant, Humphreys County, denies the remaining allegations in paragraph 2 of the Complaint.

3.      Other than admitting that he is the Sheriff of Humphreys County, Mississippi, Sheriff Sharkey denies the remaining allegations in paragraph 3 of the Complaint.

4.      Other than admitting that he is a deputy sheriff with Humphreys County Sheriff's Department, Deputy McPherson denies the remaining allegations in paragraph 4 of the Complaint.

5.      Other than admitting that Deputy Dexter McPherson is a deputy sheriff with Humphreys County Sheriff's Department, Deputy McPherson denies the remaining allegations in paragraph 4 of the Complaint.

## JURISDICTION and VENUE

6.      The defendants deny the allegations in paragraph 6 of the Complaint.

7.      The defendants deny the allegations in paragraph 7 of the Complaint.

8.      The defendants deny the allegations in paragraph 8 of the Complaint.

## FACTS

9.      Other than admitting that the plaintiff was arrested for grand larceny by the Humphreys County Sheriff's Department on January 8, 2019, the defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.      Other than admitting that the plaintiff was arrested for commercial burglary by the Humphreys County Sheriff's Department on January7, 2019, the defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.      Other than admitting that on February 21, 2019, the grand larceny charge against the plaintiff was reduced to a charge of simple trespass, the defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.     Other than admitting that a preliminary hearing was held on March 14, 2019, on the charges against the plaintiff for burglary of a commercial building, and that the charges, after being reduced to possession of stolen property, were dismissed because the witness failed to appear on time, the defendants deny the remaining allegations in paragraph 12 of the Complaint.

13.     The defendants deny the allegations in paragraph 13 of the Complaint.

14.     The defendants admit the allegations in paragraph 14 of the Complaint.

15.     The defendants deny the allegations in paragraph 15 of the Complaint.

## CAUSES OF ACTION

## COUNT ONE – VIOLATION OF 42 U.SC. SECTION 1983:  ARREST AND DETENTION

16.     The defendants incorporate by reference each and every response they have made to paragraphs 1 through 15 above in response to paragraph 16 of the Complaint.

17.     The defendants deny each and every allegation in paragraph 17 of the Complaint.

## COUNT TWO – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PHYSICAL HARM

18.      The defendants incorporate by reference each and every response they have made to paragraphs 1 through 17 above in response to paragraph 18 of the Complaint.

19.     The defendants deny each and every allegation in paragraph 19 of the Complaint.

## COUNT THREE - NEGLIGENCE

20.     The defendants incorporate by reference each and every response they have made to paragraphs 1 through 19 above in response to paragraph 20 of the Complaint.

21.     The defendants deny each and every allegation in paragraph 21 of the Complaint.

22.     The defendants deny each and every allegation in paragraph 22 of the Complaint.

23.     The defendants deny each and every allegation in paragraph 23 of the Complaint.

24.     The defendants deny each and every allegation in paragraph 24 of the Complaint.

25.     The defendants deny each and every allegation in paragraph 25 of the Complaint.

## CAUSES OF ACTION

26.     The defendants incorporate by reference each and every response they have made to paragraphs 1 through 25 above in response to paragraph 26 of the Complaint.

27.     The defendants deny each and every allegation in paragraph 27 of the Complaint.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

**(42 U.S.C. Section 1983 Fourth and Fourteenth Amendments:  Sheriff Sharkey's Liability)**

28.     The defendant, Sheriff Charles Sharkey, incorporates by reference each and every response he has made to paragraphs 1 through 27 above in response to paragraph 28 of the Complaint.

29.     The defendant, Sheriff Charles Sharkey, denies each and every allegation in paragraph 29 of the Complaint.

30.     Other than admitting that he was acting within the course and scope of his employment with Humphreys County as Sheriff, the defendant, Sheriff Charles Sharkey, denies each and every allegation in paragraph 30 of the Complaint.

31.     The defendant, Charles Sharkey, denies each and every allegation in paragraph 31 of the Complaint.

**PLAINTIFF'S SECOND CLAIM FOR RELIEF**
**(42 U.S.C. Section 1983, County Liability)**

32.     The defendants incorporate by reference each and every response they have made to paragraphs 1 through 31 above in response to paragraph 32 of the Complaint.

33.     The defendants deny each and every allegation in paragraph 33 of the Complaint.

34.     The defendants deny each and every allegation in paragraph 34 of the Complaint.

35.     The defendants deny each and every allegation in paragraph 35 of the Complaint.

**RELIEF**

The defendants deny any allegation in the plaintiff's Complaint that, as a result of oversight, they have failed to address in their Answer and Affirmative Defenses.

The defendants deny each and every allegation contained in the last unnumbered paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED." The defendants further deny that they are liable to plaintiff for any damages, of any kind, whether special, punitive or compensatory damages, attorney's fees, costs or expenses. The defendants move to dismiss the plaintiff's Complaint with prejudice.

This the **15th** day of September, 2020.

Respectfully submitted,

**HUMPHREYS COUNTY, MISSISSIPPI;**
**SHERIFF CHARLES SHARKEY, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITIES;**
**DEPUTY DEXTER MCPHERSON, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITIES;**
**and DEPUTY JEFFERY JONES, IN HIS**
**INDIVIDUAL AND OFFICIAL CAPACITIES**

By:     Rebecca B. Cowan (MSB #7735)
        bcowan@curriejohnson.com

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Dr.
Jackson, MS   39232
P.O. Box 750
Jackson, MS  39205-0750
Telephone: 601-969-1010
Facsimile:  601-969-5120