**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JERRY WAYNE ROLAND**                                                                 **PLAINTIFF**

**VS.**                                                                 **NO.: 4:20-cv-0011-DMB-DAS**

**HUMPHREYS COUNTY, MISSISSIPPI, ET AL.**                                       **DEFENDANTS**

## MOTION TO STRIKE, MOTION FOR ENTRY OF DEFAULT JUDGMENT, AND MOTION FOR EXTENSION OF TIME TO FILE BRIEF

**COMES NOW** the Plaintiff, Jerry Wayne Roland, by and through the undersigned counsel, pursuant to Rules 12(f)(2) and 6(b)(1)(B) of the Federal Rules of Civil Procedure and files this motion to strike the Entry of Appearance (Dkt. # 14) and Answer and Affirmative Defenses of Defendants (Dkt. # 15) as the same were untimely and filed without first seeking to set aside the Clerk's entry of Default (Dkt. # 8). Plaintiff also moves this Court to enter default judgment against all defendants pursuant to Rule 55(b)(2), and would state unto the Court as follows: .

### PRELUDE

On August 5, 2020, the Clerk of this Court entered a Clerk's Entry of Default (Dkt. # 8)  in this action as to Humphreys County, Mississippi; Sheriff Charles Sharkey; Deputy Sheriff Jeffrey Jones, and Deputy Sheriff Dexter McPherson ("Defendants"). On September 15, 2020 – forty-two (42) days after the Clerk's Entry of Default – the Defendants, by and through counsel, filed a pleading styled "Answer and Affirmative Defenses of Defendants, Humphreys County Mississippi, Sheriff Charles Sharkey, Deputy Sheriff Jeffery Jones and Deputy Sheriff Jeffrey Jones, in Their Individual and Official Capacities." (Dkt. # 15). Once the Clerk's Entry of Default is entered, it prevents the defaulting party from entering any appearance or defense in the action without court

1

order. A defendant may not file an answer until after it has obtained leave of court to do so, or has had the clerk's entry of default set aside upon proper motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. An untimely answer filed without leave of Court is without legal effect and is a nullity. Defendants have not moved to set aside the Clerk's Entry of Default, and have not sought leave of this Court to file an untimely answer. Plaintiff moves this Court to strike Defendants' Answer (Dkt. # 15) and to enter default judgment against Defendants as they remain in default. As the undersigned as just be retained to assist in the prosecution of this matter, Plaintiff also seeks an additional five (5) days to file Plaintiff's memorandum of authorities in support of the instant motion.

## FACTUAL BACKGROUND

The undisputed facts as established by the Complaint and the Exhibits thereto are as follows:

1. On December 3, 2018, Defendant Deputy Dexter McPherson executed an affidavit on behalf of the Humphreys County Sheriff's Department alleging that on or about December 1, 2018, Plaintiff attempted to commit the crime of grand larceny in violation of § 97-17-14 of the Mississippi Code by attempting to steal diesel fuel from Nerron & Sons Farms.

2. January 5, 2019, Plaintiff was arrested and booked into custody by Defendant Humphreys County Deputy Jeffrey Jones on the affidavit of Deputy Dexter McPherson.

3. On the following Monday, January 7, 2019, while in the custody and control of the Humphreys County Sheriff's Department on the grand larceny charge, Plaintiff was served with an arrest warrant issued on that same day on a separate affidavit of Tommy Gates alleging that on or about December 31, 2018, Plaintiff committed the crime of felony burglary of a commercial building by breaking and entering the shop of Tommy Gates with intent to steal.

2

4.     Also on January 7, 2019, Plaintiff made an initial appearance on the burglary of a commercial building charge and was held without bond for being "belligerent, disrespectful, uncooperative and unruly during the initial apperance." At the time of the initial apperance, Humphreys County Sheriff's Department was represented by Donald Jones.

5.     Also on January 7, 2019, the Humphreys County Justice Court reduced the grand larceny charge to the misdemeanor charge of trespassing.

6.     The criminal charge of misdemeanor trespassing reduced from grand larceny was formally filed of record in the Humphreys County Justice Court on January 8, 2019.

7.     The trial on the merit of the trespassing charge was originally set for January 24, 2019, but was rescheduled to February 21, 2019 because the Humphreys County Sheriff's Department failed to bring Plaintiff to the trial.

8.     On February 21, 2019, The Humphreys County Sheriff's Department transported Plaintiff to the Humphreys County Justice Court for the trespassing charge. Upon trial on the merits of that charge, Plaintiff was found guilty of the misdemeanor charge of trespassing and was ordered to pay a fine and court costs in the total amount of $266.75. No conditions precedent were contained in the Humphreys County Justice Court's order to be satisfied prior to Plaintiff's release.

9.     Despite the foregoing, the Humphreys County Sheriff's Department returned Plaintiff to the correctional facility immediately following the hearing.

10.     On March 6, 2019, a preliminary hearing was set on the commercial burglary charge to take place on March 14, 2019.

11.     On March 14, 2019, the Humphreys County Sheriff's Department transported Plaintiff to the Humphreys County Justice Court for a preliminary hearing on the commercial

3

burglary charge.

12.     As a result of the preliminary hearing on the commercial burglary charge, the charge was dismissed. No conditions precedent were placed on the dismissal of the action to be satisfied prior to Plaintiff's release. There was nothing in the judgment to suggest Plaintiff was to be remanded back into custody of the Sheriff.

13.     Despite the dismissal of the commercial burglary charge, the Humphreys County Sheriff's Department once against returned Plaintiff to the correctional facility.

14.     On May 6, 2019, Deputy Darren Allen of the Humphreys County Sheriff's Department picked up Plaintiff from the correctional facility at 1:56 p.m. and transported Plaintiff for medical treatment for injuries sustained by Plaintiff as a result of an assault while unlawfully incarcerated. Plaintiff was returned to the correctional facility at 5:03 p.m.

15.     On October 10, 2019, Plaintiff was again transported for medical treatment to University of Mississippi Medical Center in Grenada, Mississippi.

16.     On October 11, 2019, Plaintiff was discharged from UMMC into the custody of law enforcement with referral that Plaintiff be evaluated for atypical seizures. The attending physician advised that Plaintiff's medical needs wer greater than what could be provided to him by the correctional facility

17.     On October 11, 2019, the same day Plaintiff was released from UMMC, the Humphreys County Justice Court entered a "Time Served Order" giving Plaintiff credit against the fine of 266.75 levied against him in the trespassing charged reduced from the grand larceny charge in Cause No. 133-170, a fine of $326.75 levied against him in November, 2017 for a charge of threatening in Cause No. 130-670; and a fine of $286.75 levied against him in February, 2018 for

4

a charge of simple assault in Cause No. 130-803.  Notably, none of the above judgments suggest Plaintiff was to be held in custody by the Sheriff.

18.     On October 11, 2019, following his release from UMMC, Plaintiff was released from custody by the Humphreys County Sheriff's Department when he was dropped off at the city limits of Belzoni, Mississippi by the Humphreys County Sheriff's Department.

## PROCEDURAL BACKGROUND

19.     On March 19, 2020, Plaintiff, by and through counsel Boyd Atkinson, served a notice of claim pursuant to the Mississippi Tort Claims Act by delivering a certified letter to Mark Liddell, Jr., the Chancery Clerk of Humphreys County, Mississippi setting forth both the § 1983 and state law claims against the Defendants which are the subject of this lawsuit. A copy of Plaintiff's Notice of Claim Letter is attached hereto as **Exhibit "A."**

20.     By email dated May 18, 2020, Rebecca B. Cowan with the law firm Currie Johnson and Myers, P.A. was retained to represent the Defendants relative to this claim and began investigating the claims against the Defendants. A copy of said email is attached hereto as **Exhibit "B."**[1]

21.     On June 25, 2020, Plaintiff filed his Complaint (Dkt. # 1) in this matter against Humphreys County, Mississippi, Sheriff Charles Sharkey, Deputy Sheriff Dexter McPherson, and

---

[1]Plaintiff's counsel did not become aware of Defendants' legal representation until certified copies of Plaintiff's Humphreys County Justice Court Files were received on October 7, 2020 in preparation for Plaintiffs' Motion for Default Judgment being filed simultaneously herewith. Exhibit "B" is contained in Humphreys County Justice Court action found in Cause No. 130-803. **Exhibit "C"** attached hereto is a collective exhibit of certified copies of the Humphreys County Justice Court actions found in Cause No. 130-670, Cause No. 130-803, Cause No. 133-170 and a cause described as "felony case file on Tommy Gates v. Wayne Rowland.

5

Deputy Sheriff Jeffrey Jones (collectively, "Defendants"), and requested that summons be issued for all Defendants (Dkt. # 2). A copy of the Civil Docket for this matter as of October 19, 2020 is attached hereto as **Exhibit "D."**

22.     On July 6, 2020, all Defendants were served with summons and a copy of the Complaint. (*See* Dkt. # 4). Defendant Humphreys County, Mississippi was served by personal service upon Mark Liddell, Humphreys County Chancery Clerk and Clerk of the Humphreys County Board of Supervisors, pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure and Rule 4(d)(6) of the Mississippi Rules of Civil Procedure. (*See Id.)*. Defendants Sheriff Charles Sharkey, Deputy Sheriff Dexter McPherson, and Deputy Sheriff Jeffrey Jones were each personally pursuant to Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure.

23.     Pursuant to Rule 12(a)(1)(i), Defendants' answers to the Complaint (Dkt. # 1) were due on or before July 30, 2020. On July 31, 2020, the Clerk issued Clerk's Notice of past due answer (Dkt. # 5) as to all Defendants.

24.     On August 5, the Clerk entered its Entry of Default (Dkt. # 8) as to all defendants following Plaintiff's Motion for Entry of Default (Dkt. # 7).

25.     On September 15, 2020, Rebecca Cowen entered her appearance (Dkt. # 14) and Answer (Dkt. # 15) on behalf of all Defendants.

26.     No motion to set aside the Clerk's Entry of Default was filed by Defendants prior to or contemporaneously with the filing of Defendants' Answer.

27.     No motion to set aside the Clerk's entry of Default has been filed by Defendants as of the date of the instant motion.

28.     No motion to file an untimely answer was filed by Defendants prior to or

contemporaneously with the filing of Defendants' Answer.

29.     No motion to file an untimely answer has been filed by Defendants as of the date of the instant motion.

30.     No motion for a more definite statement was filed by Defendants prior to or contemporaneously with the filing of Defendants' Answer.

31.     No motion for a more definite statement was filed by Defendants as of the date of the instant motion.

## GROUNDS FOR MOTION TO STRIKE

32.     Pursuant to Rules 12(f)(2) and 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff moves to strike Defendants Answer (Dkt. # 15) on the grounds that said pleading is a nullity and without legal effect.

33.     Once the Clerk's Entry of Default is entered, it prevents the defaulting party from entering any appearance or defense in the action without court order

34.     An answer filed after the Clerk's Entry of Default must be filed pursuant to Court order.

35.     Untimely pleadings filed without leave of Court are without legal effect and an untimely answer is a nullity.

36.     Because an untimely answer filed without court authority lacks legal effect, a Defendant's default cannot be cured by filing an untimely answer.

37.     Once a Clerk's Entry of Default has been entered, a defendant may not file an answer until after it has obtained leave of court to do so, or has had the clerk's entry of default set aside upon proper motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

38.     At all relevant times, Defendants have not moved to set aside the Clerk's Entry of Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

39.     At all relevant times, Defendants have not moved to file an untimely answer.

40.     Defendant , and their agents, contractors, representatives, and legal counsel, knew or should have known at the time of the filing of the untimely answer, and at all times subsequent thereto, that such filing without leave of court did not cure Defendants' default, and is a nullity and without legal effect.

41.     Defendants have had ample opportunity since the Clerk's Entry of Default – a period of seventy-five (75) days – to take the necessary steps to obtain leave of Court to file an untimely answer; to move this Court to set aside the default entry; and to properly enter an appearance in this action, answer the Complaint, and set forth their affirmative defenses

42.     Defendants have filed to take these necessary steps, and can provide this Court with no good cause for such failures.

## GROUNDS FOR MOTION FOR ENTRY OF DEFAULT JUDGMENT

43.     Defendants have failed to answer the Complaint in the time prescribed by Rule 12, and have not sought leave of Court to file an untimely answer, have not filed a motion to set the Clerk's Entry of Default (Dkt. # 8) pursuant to Rule 55(c), and have not filed a motion for more definite statement pursuant to Rule 12(e).

44.     Pursuant to Rule 55(b)(2), Plaintiff moves this Court to enter a default judgment against the Defendants.

45.     In order to established entitlement to a default judgment, the Court must first determine whether there exists a genuine issue of material fact. In those instances where a defendant

8

fails to answer or otherwise defend, the facts as presented in the complaint are conclusively established.

46.     Next, entitlement to a default judgment requires a sufficient factual basis in the underlying pleading to support the judgment. In considering the sufficiency of the pleadings, the Court looks to Rule 8(a)(2 of the Federal Rules of Civil Procedure. Under Rule 8's analysis, a pleading is required to contain a short and plain statement of the claim showing the pleader is entitled to relief. The pleading need only contain enough factual allegations to raise a right of relief above the speculative level. Detailed factual allegations are not required. The purpose of Rule 8's requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests. A complaint only fails if the allegations are so vague that he defendant lacks notice of the contours of the claim.

46.     The facts as conclusively established by the Complaint show the Plaintiff remained incarcerated from January 9, 2019 until October 11, 2019.

47.     Plaintiff remained incarcerated following the January 7, 2019 reduction of felony grand larceny to misdemeanor trespassing

48.     Plaintiff remained incarcerated following the dismissal of the burglary charge at the preliminary hearing held on March 14, 2019.

49.     No legal justification existed for Plaintiff's continued detention until October 11, 2019.

50.     Sheriffs in Mississippi are final policy makers with respect to all law enforcement decisions made within their counties.

51.     Counties are liable for the depravation of a persons constitutional right when there

9

is an official policy or custom of which the policy maker either knows or or has constructive knowledge of which is the moving force behind a plaintiff's constitutional violation.

52.     Plaintiff's right to due process was violated because of improper use of formal restraints imposed by the criminal process.

53.     Sheriff Charles Sharkey failed to have in place proper policies and procedures and failed to properly supervise his employees to prevent Plaintiff from being improperly incarcerated in violation of his protected liberty interest in being free from formal restraints imposed by the criminal process.

54.     Defendants knew or should have known that Plaintiff remained unlawfully incarcerated until October 11, 2019 as no judicial order or other process of criminal procedure requiring Plaintiff's incarceration.

54.     Based upon the conclusively established facts contained in the Complaint and recited above, Plaintiff requests that this Court enter default judgment against the Defendants.

## GROUNDS FOR MOTION FOR EXTENSION OF TIME
## TO FILE SUPPORTING BRIEF

55.     Pursuant to Rule 7b)(4) of the Local Rules for the Northern and Southern District of Mississippi, memorandum brief must be filed at the time the motion is served. Any request for extention of time must be made in writing.

56.     Pursuant to that Rule Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Rule 7(b)(4) of the Local Rules, the undersigned counsel requests an extention of five (5) days to file a Memorandum of Authorities in support of the instant motion.

53.     The undersigned counsel's law firm has just recently been retained to assist in the

prosecution research and brief writing in this action and is in the process of compiling the above mentioned memorandum of authorities.

54.     The undersigned counsel recognizes this Court has previously denied Plaintiff's motion for entry of a default judgment against the defendants on the grounds that Plaintiff's counsel did not file a brief in support of Motion for Entry of Default Judgment. The undersigned counsel wishes to provide the Court with the necessary authority and legal analysis for the Court to fully consider the instant motion.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Court will enter an order to allow the undersigned counsel five (5) days to file Plaintiff's Memorandum of Authorities in support of the instant motion, and upon consideration of Plaintiff's Motion to Strike and Motion for Entry of Default Judgment and the Memorandum of Authorities to be filed in support of said motions, enter an order finding the Clerk entered the Clerk's Entry of Default (Dkt. # 8) on August 5, 2020, that Defendants have not sought to set aside the Clerk's Entry of Default (Dkt. # 8), that Defendants have not sought leave of Court to file an untimely answer, that Defendant's Answer (Dkt. # 15) is untimely and without legal effect, and that Defendants remain in default; and order that the Defendants' Answer (Dkt. # 15) be stricken pursuant to Rules 12(f)(2) and 6(b)(1)(B) of the Federal Rules of Civil Procedure. Further, Plaintiff prays that this Court will enter a default judgment against Defendants pursuant to Rule 55(b)(2). Plaintiff prays for general relief.

Respectfully submitted,

JERRY WAYNE ROLAND

By: */s/Christopher N. Bailey*
    S. David Norquist, MSB# 9512
    Christopher N. Bailey, MSB# 104152
    NORQUIST & LEVINGSTON, PLLC
    201 South Pearman Ave.
    P.O. Box 1379
    Cleveland, Mississippi 38732
    Telephone (662) 843-1500
    Fax: (662) 843-0500
    Email: david@norquistlevingston.com
           cbailey@norquistlevingston.com

    Boyd P. Atkinson, MSB# 8324
    P.O. Box 427
    Cleveland, Mississippi 38732
    Telephone: (662) 843-9766
    email: atkinsonboydp@yahoo.com

## CERTIFICATE OF SERVICE

    I, Christopher N. Bailey, one of the attorneys of record for Plaintiff Jerry Wayne Roland, do hereby certify that I have this date filed the above and foregoing via the ECF system which sent notice of such filing to the following:

    Rebecca B. Cowan
    Currie Johnson Griffin & Myers
    1044 River Oaks Drive
    Jackson, Mississippi 39232
    email:  bcowan@curriejohnson.com

This, the 19th day of October, 2020.

                                         */s/Christopher N. Bailey*
                                         Christopher N. Bailey