IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERRY WAYNE ROLAND**                                                                        **PLAINTIFF**

**V.**                                                                                 **NO. 4:20-CV-111-DMB-DAS**

**HUMPHREYS COUNTY,**
**MISSISSIPPI, et al.**                                                                      **DEFENDANTS**

## ORDER

Before the Court are the defendants' "Motion for Court to Lift [Dkt. # 8] Clerk's Entry of Default and to Deny [Dkt. #18] Plaintiff's Motion for Entry of Default Judgment," Doc. #19, and their "Motion for Permission to File Answer and Affirmative Defenses Out of Time," Doc. #21. Also before the Court are "Plaintiff's Renewed Motion to Strike Defendants' Untimely Response and Entry of Appearance," Doc. #36, and a renewed request for default judgment against the defendants, Doc. #38. Because the Court finds that the defendants have shown good cause to set aside the default, the defendants' motions will be granted, and the plaintiff's motions will be denied.

## I
## Procedural History

On June 25, 2020, Jerry Wayne Roland filed a complaint in the United States District Court for the Northern District of Mississippi against Humphreys County, Mississippi; Sheriff Charles Sharkey, in his individual and official capacity; Deputy Dexter McPherson, in his individual and official capacity; and Deputy Jeffery Jones, in his individual and official capacity. Doc. #1. The complaint alleges violations of Roland's Fourth, Fifth, and Fourteenth Amendment rights, as well as claims for intentional infliction of emotional distress and negligence, arising from Roland's incarceration at the Holmes/Humphreys County Regional Correctional Facility. *Id.* at 4–8.

On Roland's motion,[1] the Clerk of Court entered a default against the defendants on August 5, 2020. Doc. #8. The next day, Roland moved for a default judgment against the defendants. Doc. #9. On August 12, 2020, this Court denied the motion due to "Roland's failure to comply with this Court's Local Rules and the otherwise deficient nature of his motion." Doc. #10 at 3.

On September 15, 2020, Rebecca B. Cowan entered an appearance as counsel for the defendants, Doc. #14, and filed an answer on their behalf, Doc. #15. On October 19, 2020, Roland filed a motion to strike both the appearance document and the defendants' answer, and for a default judgment. Doc. #18. The Court again denied Roland's motion for failing to comply with the Local Rules. Doc. #25.

On November 2, 2020, the defendants filed a "Motion for Court to Lift [Dkt. # 8] Clerk's Entry of Default and to Deny [Dkt. #18] Plaintiff's Motion for Entry of Default Judgment," Doc. #19, and a "Motion for Permission to File Answer and Affirmative Defenses Out of Time," Doc. #21. On December 1, 2020, Roland filed "Plaintiff's Renewed Motion to Strike Defendants' Untimely Response and Entry of Appearance," Doc. #36, and a renewed request for default judgment, Doc. #38.[2] The briefing period on the defendants' motions[3] and the briefing period on Roland's motions[4] have both concluded.

---

[1] Doc. #7.

[2] Based on the docket text and its substance, this filing is a motion though it is titled, "Memorandum of Authorities in Support of Renewed Motion for Entry of Default Judgment." The memorandum filed in support shares the same title. *See* Doc. #39.

[3] *See* Docs. #20, #28, #30, #32, #34. The motion for permission states that "the Memorandum supporting [the defendants'] Motion to Lift Entry of Default also applies to the defendants' request that they be allowed to file their Answer and Affirmative Defenses out of time." Doc. #21 at PageID 230.

[4] During the briefing period, the defendants responded to both of Roland's motions. Docs. #41, #43. Roland did not reply.

# II
# Motion to Set Aside Entry of Default

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation marks omitted). "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). A court may also consider whether "the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). "Defaults are not favored and their strict enforcement has no place in the Federal Rules." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (internal quotation marks omitted).

### A. Willfulness

As explanation for the default, the defendants, referencing the declaration of Willie Bailey,[5] represent that Bailey, as the County's attorney, "implanted certain procedures to make sure that he received notice when any employee or officer of Humphreys County was sued" so that he could "provide[] notice of the lawsuit to the local company that handled the County's insurance business, and that that company could give notice to the liability insurance carrier for the County so that counsel could be retained to defend the lawsuit;" that Bailey "contracted COVID in late June 2020," became "seriously ill," and had to be hospitalized twice, "prevent[ing] him … from being able to come to his office daily or to work full time;" and that "the defendants timely reported the

---

[5] Doc. #19-1.

lawsuits to [Bailey], but because of his illness, he was unable to follow the normal in-place procedures and give notice to the liability insurance carrier for Humphreys County so that it could provide a defense to the defendants by filing a timely response to the lawsuit." Doc. #20 at 1–2. Roland responds that the defendants "have not argued, and have provided no evidence, that any effort was made by Defendants, or anyone acting on Defendants' behalf, to timely notify the county attorney or Mrs. Cowan, of service of the instant litigation," and the "fact one person is not available does not prevent a sophisticated entity such as a county government from responding to litigation." Doc. #28 at 9. The defendants reply that "the circumstances surrounding their failure to respond to the plaintiff's Complaint were not willful." Doc. #32 at 4.

"A *willful default* is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Koerner*, 910 F.3d at 225; *Dierschke*, 975 F.2d at 184–85 ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion.").

Based on the evidence before the Court, the default here appears to have resulted from the defendants' belief that they had complied with the County's normal procedures for when an employee is sued, as well as Bailey's illness preventing him from notifying the insurance carrier to obtain representation. Although the defendants may have been unwise in failing to confirm that they were adequately represented after initially reporting the lawsuit to Bailey, the Court does not conclude that the defendants' actions amount to intentional, and therefore willful, conduct. *See Leshore v. Cnty. of Worcester*, 945 F.2d 471, 472–73 (1st Cir. 1991) (district court did not abuse its discretion when it accepted attorney's illness as justification to set aside default). Under these circumstances, the first factor weighs in favor of setting aside the default.

### B. Prejudice

The defendants argue that Roland would not be prejudiced if the default is set aside because he did not act quickly to correct errors in his previous motions for default judgment and he would still be able to present his case to the Court. Doc. #20 at 4. Roland responds that "[w]hile delay alone does not constitute prejudice, Defendants' failure to timely respond and the significant delay in seeking to set aside the Default demonstrates more than mere delay." Doc. #28 at 14. The defendants reply that Roland has not shown how he has been prejudiced by the delay and that "delay of litigation alone is insufficient to prove prejudice to a plaintiff justifying a refusal to set aside an entry of default." Doc. #32 at 4.

Surely, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to [the] plaintiff except to require it to prove its case. … All that has been done is to give the defendants their day in court." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (cleaned up). Because Roland does not show how he would be prejudiced,[6] the second factor weighs in favor of setting aside the default.

### C. Existence of Meritorious Defense

The defendants argue that they have meritorious defenses because (1) the complaint does not include "any allegations by the plaintiff that his wrongful detention was the result of deliberate and willful acts by official policy makers of Humphreys County," Doc. #20 at 8; (2) Sharkey was not elected as sheriff until after the events giving rise to Roland's claim and "therefore, could not have played any part, individually, in any decision that resulted in the failure to release the plaintiff

---

[6] To the extent Roland argues that he is prejudiced by the three-month delay between the entry of default and the motion to set aside the default, the Court notes that the defendants filed their answer approximately six weeks after the entry of default; that by filing the answer, the defendants put Roland on notice of their intent to defend against the lawsuit; that Roland waited an additional month after the defendants filed their answer to move to strike the answer and move for default judgment; and that the Court denied the motion based on procedural deficiencies. Thus, any prejudice Roland suffered cannot be attributed solely to the defendants' actions.

from jail," *id.*; (3) Roland "cannot establish any wrongful arrest by either [McPhearson or Jones] in their individual capacities since he either pleaded guilty or was found guilty of lesser charged misdemeanors arising from the initial felony charges," *id.* at 9; and (4) Roland "does not and cannot allege that either of these two deputy sheriffs had any policy making authority as to whether he should be released from jail and when," *id.* Roland responds that the defendants have not provided "a meritorious defense or definite factual allegations with supporting record evidence that, if believed at trial, would lead to a result contrary to that achieved by the default." Doc. #28 at 15.

"In determining whether a meritorious defense exists [to set aside a default judgment], the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *OCA, Inc.*, 551 F.3d at 373 (cleaned up). A motion to set aside an entry of default "is more readily granted than a motion to set aside a default judgment." *Dierschke,* 975 F.2d at 184.

Based on the claims Roland asserts against the defendants in his complaint and the defenses asserted by the defendants in support of their motion, the Court concludes that the defendants have presented defenses that, if proven, show some possibility of an outcome "contrary to the result achieved by the default." *OCA, Inc.*, 551 F.3d at 373; *see Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) ("We nevertheless would be quickly persuaded to give [the defendant] relief if, upon his motion to set aside the judgment, he had given the District Court even a hint of a suggestion that he had a meritorious defense …."). Thus, the third factor weighs in favor of setting aside the default.

### D. Expeditiousness

Roland also argues that the defendants did not act expeditiously to set aside the default because they "have provided no explanation, and no evidence of exceptional circumstances,

6

justifying their failure to remedy the default since September 15, 2020." Doc. #28 at 13. The defendants respond that Bailey "did not learn of the July 6, 2020, summonses having been served on the defendants until September 8, 2020, and the insurance company for the County only received notice of the lawsuit on September 14, 2020," and Cowan filed the defendants' answer the next day. Doc. #32 at 5. The defendants also assert that the Court "entered an Order Denying both the plaintiff's Motion for Default Judgment and Motion to Strike, thereby permitting the previously filed Answer and Affirmative Defenses of the defendants to stand," rendering their motions to set aside the default and file an answer moot. *Id.* at 2.

Contrary to the defendants' position, the Court's denial of a default judgment did not automatically allow their answer to stand. And the defendants fail to offer any justification for the approximately six-week gap between the filing of their answer and their motion to set aside the default. Accordingly, the fourth factor weighs against setting aside the default.

### E. Balancing

Three factors weigh in favor of setting aside the entry of default and only one factor weighs against it. Given this, and that "courts universally favor trial on the merits," *Dierschke*, 975 F.2d at 183, the Court finds good cause to set aside the default.

### III
### Remaining Motions

The defendants further "move this Court to allow them to file their Answer and Affirmative Defenses out of time should this Court conclude that the Clerk's Entry of Default should be lifted in this matter." Doc. #21 at Page ID 230. Roland argues that the defendants' answer should be stricken because it was filed before the defendants sought to set aside the entry of default against them. Doc. #37 at 4–6.

7

As Roland indicates, this Court previously "observed that an untimely answer is a nullity and without legal effect where the defaulting party has not sought leave of court to file the untimely pleading." Doc. #37 at 4 (citing *Pinkston v. Miss. Dep't of Corrs.*, No. 4:17-CV-39, 2018 WL 3579473, at *3 (N.D. Miss. July 25, 2018)). However, although the defendants initially failed to seek leave to file their answer or to set aside the default against them, they now have sought leave[7] to file their answer, and the Court has set aside the entry of default. Accordingly, the defendants' motion for leave to file, Doc. #21, will be granted and Roland's motion to strike the answer and attorney appearance, Doc. #36, will be denied. Further, because an entry of default is a prerequisite to a default judgment, Roland's motion for default judgment, Doc. #38, will be denied.

## IV
## Conclusion

In accordance with the conclusions above:

1. The defendants' motion to set aside the entry of default [19] is **GRANTED**.

2. The defendants' motion for leave to file their answer [21] is **GRANTED**.

3. Roland's motion to strike [36] and motion for default judgment [38] are **DENIED**.

**SO ORDERED**, this 9th day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] However, as mentioned above, the defendants' decision to wait six weeks to seek leave to file their already-filed answer weighed against setting aside the default.