**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JERRY WAYNE ROLAND**                                                                      **PLAINTIFF**

**VS.**                                                                   **NO. 4:20-CV-00111-DMB-DAS**

**HUMPHREYS COUNTY, MISSISSIPPI; SHERIFF
CHARLES SHARKEY, IN HIS OFFICIAL CAPACITY
AS SHERIFF OF HUMPHREYS COUNTY, MISSISSIPPI;
DEPUTY DEXTER McPHERSON, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; J.D. "BUBBA" ROSEMAN,
IN HIS OFFICIAL CAPACITY AS FORMER SHERIFF OF
HUMPHREYS COUNTY, MISSISSIPPI; DEPUTY DAVID
JAMES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
HOLMES COUNTY, MISSISSIPPI; SHERIFF WILLIE
MARCH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
AS SHERIFF OF HOLMES COUNTY, MISSISSIPPI;
HOLMES/HUMPHREYS COUNTY REGIONAL
CORRECTIONAL FACILITY; AND WARDEN BARRY
RULE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY
AS WARDEN OF HOLMES/HUMPHREYS COUNTY
REGIONAL CORRECTIONAL FACILITY**                                  **DEFENDANTS**

**FIRST AMENDED COMPLAINT**

    **COMES NOW,** Plaintiff Jerry Wayne Roland, by and through counsel, and files this, his

First Amended Complaint, and states as follows:

    1.       Plaintiff is an adult resident citizen of Humphreys County, Mississippi who resides

at 206 North Collins, Isola, Mississippi, 38754

    2.       Defendant Humphreys County, Mississippi is a governmental entity of the State of

Mississippi and may be served with process on the Humphreys County Chancery Clerk, Mark D.

Liddell, at 102 Castleman Street, #2, Belzoni, Mississippi 39038.

3. Defendant Sheriff Charles Sharkey is the Sheriff of Humphreys County, Mississippi, and may be served with process at 106 Castleman Street, Belzoni, Mississippi 39038. Defendant Sharkey is being sued in his official capacities as Sheriff of Humphreys County, Mississippi.

4. Defendant Dexter McPherson is a deputy sheriff for Humphreys County, Mississippi and may be served with process at 106 Castleman Street, Belzoni, Mississippi 39038. Defendant McPherson is being sued in his individual and official capacities as a deputy sheriff of Humphreys County, Mississippi. At all relevant times Defendant McPherson was acting under the color of state law and within the course and scope of his duties as deputy sheriff.

5. Defendant J.D. "Bubba" Roseman was the former sheriff of Humphreys County, Mississippi and is now deceased, having passed away, upon information and belief, on November 2, 2020. Defendant Roseman is being sued in his official capacity as former sheriff of Humphreys County, Mississippi, and may be served in such capacity upon his former employer Humphreys County, Mississippi, care of Chancery Clerk, Mark D. Liddell, at 102 Castleman Street, #2, Belzoni, Mississippi 39038. At all relevant times Defendant Roseman was acting under the color of state law and within the course and scope of his duties as sheriff. At all relevant times, Defendant Roseman was a final policy making official of Humphreys County, Mississippi with respect to law enforcement decisions within Humphreys County and with respect to detainees of Humphreys County under his care and control. At all relevant times, Defendant Roseman had actual and/or constructive knowledge that Plaintiff was illegally arrested and seized without probable cause and was illegally detained for two-hundred-seventy-five (275) days without access to courts or the benefits of basic constitutional rights.

6.     Defendant David James is a deputy sheriff for Humphreys County, Mississippi and may be served with process at 106 Castleman Street, Belzoni, Mississippi 39038. Defendant James is being sued in his individual and official capacities as a deputy sheriff of Humphreys County, Mississippi. At all relevant times Defendant James was acting under the color of state law and within the course and scope of his duties as deputy sheriff.

7.     Defendant Holmes County Mississippi is a governmental entity of the State of Mississippi and may be served with process on the Holmes County Chancery Clerk, Henry Luckett, at 1 Courthouse Square, Lexington, Mississippi, 39095.

8.     Defendant Willie March is the sheriff of Holmes County, Mississippi, and may be served with process at 23234 MS Hwy.12 East, Lexington, Mississippi 39095. Defendant March is being sued in his individual and official capacities as sheriff of Holmes County, Mississippi. At all relevant times Defendant March was acting under the color of state law and within the course and scope of his duties as sheriff. At all relevant times, Defendant March was a final policy making official of Holmes County, Mississippi with respect to law enforcement decisions within Holmes County and with respect to detainees under his care and control. At all relevant times, Defendant March had actual and/or constructive knowledge that Plaintiff was illegally seized without probable cause and was illegally detained for two-hundred-seventy-five (275) days without access to courts or the benefits of basic constitutional rights.

9.     Defendant Holmes/Humphreys County Regional Correctional Facility is a governmental entity of the State of Mississippi and may be served with process on its Warden, Barry Rule, who is responsible for the administration of the facility at 23234 MS Hwy. 12 East, Lexington, Mississippi 39095.

3

10.     Defendant Barry Rule is the Warden of Holmes/Humphreys County Regional Correctional Facility and may be served with process at 23234 MS Hwy. 12 East, Lexington, Mississippi 39095. Defendant Rule is being sued in his individual and official capacities as warden of the Correctional Facility. At all relevant times, Defendant Rule was acting under color of state law and within the course and scope of his duties as warden. At all relevant times, Defendant Rule was a final policy making official for the Holmes/Humphreys County Regional Correctional Facility with respect to detainees placed under his care and control. At all relevant times, Defendant Rule had actual and/or constructive knowledge that Plaintiff was illegally seized without probable cause and was illegally detained for two-hundred-seventy-five (275) days without access to courts or the benefits of basic constitutional rights.

11.     Plaintiff brings this civil action to recover actual, compensatory and punitive damages for Defendants' deprivation of Plaintiff's constitutional rights pursuant to the Fourth and Fourteenth Amendments for Defendants' unlawful seizure and detention of Plaintiff for two-hundred-and-seventy-five (275) days without probable cause or judicial authority. These constitutional deprivations by Defendants are made actionable pursuant to 42 U.S.C. § 1983. Plaintiff also brings tort claims of false arrest, false imprisonment, and intentional infliction of emotional distress pursuant to Mississippi tort law. This Court has subject matter jurisdiction over this civil rights action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1341(a)(3) (civil rights), and supplemental jurisdiction of state law claims under 28 U.S.C. § 1367.

12.     Venue is proper in the Northern District of Mississippi pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in said district.

4

13.     On January 5, 2019, Plaintiff was arrested, taken into the custody of the Humphreys County Sheriff's Department, and incarcerated on a charge of grand larceny. The warrant for arrest on said charges was obtained on the affidavit of Defendant McPherson on behalf of the Humphreys County Sheriffs Department. No probable cause existed to arrest and detain Plaintiff on said charge.

14.     Upon information and belief, Plaintiff was also arrested and incarcerated on January 5, 2019, on a charge of misdemeanor attempted simple assault that occurred in October 2017. However, Plaintiff was tried on said charge on February 15, 2018 in the Justice Court of Humphreys County and was ordered to pay a fine of $115.00 and assessed court costs of $171.75. No jail time was given, no conditions placed on Mr. Roland's release, and no arrest warrant was ever executed relative to this matter.

15.     Upon information and belief, Plaintiff was also arrested and incarcerated on January 15, 2019, on a misdemeanor charge of threatening that occurred in October 2017, for which Plaintiff was personally summonsed to appear for an unknown court date in November, 2017. No arrest warrant was ever issued in said cause.  There is no order of conviction and a trial date set for February 15, 2018. No order levying a fine or court cost, ordering jail time, or placing any conditions on Mr. Rowland's release was ever issued.

16.     On January 7, 2019, while Plaintiff was incarcerated, Plaintiff was served with an arrest warrant issued that day for felony burglary of a commercial building. Plaintiff made an initial appearance in the Humphreys County justice Court on the burglary charge and was denied bond for being "belligerent, disrespectful, uncooperative and unruly during the initial appearance."

17.     On January 8, 2019, the grand larceny charge was reduced to misdemeanor trespassing and the trespassing charge was filed in Humphreys County Justice Court by Defendant

James.

18.     Also on January 8, 2019, Plaintiff was transported and booked into the Holmes/Humphreys County Regional Correctional Facility by the Humphreys County Sheriff's Department on the grand larceny and burglary charges, even though the Sheriff's Department knew the grand larceny charge had been reduced to misdemeanor trespassing. Defendant Roseman, as the relevant policy maker for Humphreys County had personal knowledge Plaintiff was illegally arrested and detained at the Holmes/Humphreys County Regional Correctional facility. Defendant March and Defendant Rule, as the relevant policy making officials for Holmes County and the Holmes/Humphreys County Regional Detention Facility, were aware and had personal knowledge Plaintiff was being illegally detained at the Holmes/Humphreys County Regional Detention Facility.

19.     Trial of the misdemeanor trespassing charge was scheduled for January 24, 2019 in the Humphreys County Justice Court, but was rescheduled to February 21, 2019 due to the Humphreys County Sheriffs Department's failure to bring Plaintiff to the trial date.

20.     On February 21, 2019, Plaintiff was found guilty of misdemeanor trespassing and fined $266.75. Plaintiff was not sentenced to serve any jail time. Yet, Humphreys County Sheriff's Deputy, Defendant James, transported Plaintiff back to the Holmes/Humphreys County Regional Correctional Facility and continued to detain Plaintiff.

21.     On March 14, 2019, Defendant James with the Humphreys County Sheriffs Department transported Plaintiff to Humphreys County Justice Court for a preliminary hearing on the burglary charge. At that hearing, the Humphreys County Justice Court entered an order dismissing the burglary charge and finding probable cause did not exist to believe a crime had been committed. Despite the dismissal, no charges pending against Plaintiff, and no detention order to

hold Plaintiff, Defendant James transported Plaintiff back to the Holmes/Humphreys County Regional Correctional Facility and continued to detain Plaintiff.

22.    On April 29, 2019, Plaintiff was transported from the Holmes/Humphreys County Correctional Facility to UMMC-Grenada in Belzoni for medical treatment of injuries Plaintiff sustained as a result of an assault while incarcerated, and subsequently returned to the facility later that day.

23.    On May 6, 2019, the Humphreys County Sheriff's Department transported Plaintiff from the Holmes/Humphreys County Correctional Facility for unknown reasons and returned him later that day.

24.    On October 10, 2019, Plaintiff was again transported to the UMMC-Grenada medical facility in Belzoni for medical treatment where Plaintiff was evaluated for atypical seizures and advised his medical needs were greater than what could be provided in the Holmes/Humphreys County Regional Correctional Facility.

25.    Also on October 10, 2019, the Humphreys County Sheriff's Department obtained a "Time Served Order" to release Plaintiff on the trespassing charge and the two previous 2017 misdemeanors charges. Plaintiff was never charged with contempt for failure to pay any fines relative to the 2017 misdemeanor charges, nor did he receive any court appearance or notice concerning any contempt charges related to those matters. There is no record, order or judicial authority Plaintiff was to be incarcerated or held on any of the matters mentioned in the "Time Served Order."

26.    In total, Plaintiff was detained and incarcerated by the Defendants for two-hundred-seventy-five days (275) without probable cause or judicial authority. At all relevant times, Defendants knew or should have known Plaintiff was illegally seized and detained without probable

7

cause or judicial authority. Following his release, Plaintiff was dropped off at the city limits of Belzoni, Mississippi.

27.     On March 19, 2020, Plaintiff, by and through counsel, served his notice of claim pursuant to the Mississippi Tort Claims Act ("MTCA") on Humphreys County by delivering a certified letter to Mark Liddell, Jr., the Chancery Clerk of Humphreys County, Mississippi, setting forth the Constitutional and state law claims against Defendants.

### *(CONSTITUTIONAL CLAIMS )*

### <u>COUNT I - FOURTH AMENDMENT DEPRIVATION</u>

28.     The Fourth Amendment, made applicable to the States under the Fourteenth Amendment, prohibits government officials from seizing and detaining a person in the absence of probable cause.

29.     At the time of Plaintiff's arrest and incarceration, and throughout his incarceration, Plaintiff had a clearly established right to be free from unreasonable seizure and pretrial detention without probable cause under the Fourth Amendment to the United States Constitution. *See Manuel v. City of Joliet*, 137 S.Ct. 911, 916-18 (2017).

30.     Defendant McPherson is liable to Plaintiff for violating his Fourth Amendment right to be free from unreasonable seizure when he knowingly executed an affidavit for arrest for a charge of grand larceny without probable cause.

31.     Defendant James is liable to Plaintiff for violating his Fourth Amendment right to be free from unreasonable seizure and unreasonable detention when he knew or should have known neither probable cause nor judicial authority existed to continue Plaintiff's detention in the Holmes/Humphreys County Regional Correctional Facility and, despite this knowledge, transported

8

Plaintiff to and from the Holmes/Humphreys County Regional Correctional Facility for numerous justice court hearings, including following dismissal of burglary charge for lack of probable cause.

32.    Defendant Sharkey is liable to Plaintiff for violating his Fourth Amendment right to be free from unreasonable seizure and unreasonable detention in his official capacity as Sheriff and the current chief law enforcement of Humphreys County, Mississippi.

33.    Defendant Roseman, is liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause when he knew or should have known Plaintiff was arrested and detained by the Humphreys County Sheriffs Department without probable cause or judicial authority.

34.    Defendant Roseman is also liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause by failing to supervise and train deputies and failing to adopt policies and procedures to prevent deputies from arresting and detaining person without probable cause or judicial authority.

35.    Defendant Roseman, as the requisite policy maker for Humphreys County, instituted a policy or practice whereby certain arrestees were unlawfully seized and indefinitely detained without access to courts or the benefit of basic constitutional rights, failed to supervise and train deputies and adopt reasonable polices and procedures to prevent deputies from arresting and detaining persons without probable cause or judicial authority.

36.    Defendant Humphreys County, by and through the actions and omissions of its relevant final policy making official, Defendant Roseman, is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his Fourth Amendment right to be free from unreasonable seizure without probable cause and for unreasonably detaining Plaintiff without probable cause,

9

judicial authority or judicial oversight for two-hundred-seventy-five (275) days. Plaintiff's unlawful seizure was carried out pursuant to said policy or custom which was the moving force behind the constitutional violations.

37.     Defendant March is liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause when he knew or should have known Plaintiff was detained in the Holmes/Humphreys County Regional Correctional Facility without probable cause, judicial authority or judicial oversight.

38.     Defendant March is also liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause by failing to supervise and train deputies and facility staff and failing to adopt policies and procedures to prevent the detention of persons without probable cause or judicial authority.

39.     Defendant March, as the requisite policy maker for Humphreys County and a requisite policy maker for the Holmes/Humphreys County Regional Correctional Facility, instituted a policy or practice whereby certain detainees were indefinitely and unlawfully detained without access to courts or the benefit of basic constitutional rights, failed to supervise and train deputies and staff and adopt reasonable polices and procedures to prevent deputies and staff from seizing and detaining persons without probable cause or judicial authority

40.     Defendant Holmes County, by and through the actions and omissions of its relevant final policy making official, Defendant March, is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his Fourth Amendment right to be free from unreasonable seizure without probable cause and for unreasonably detaining Plaintiff without probable cause, judicial authority or judicial oversight for two-hundred-seventy-five days. Plaintiff's unlawful seizure was

carried out pursuant to said policy or custom which was the moving force behind the constitutional violations.

41.     Defendant Rule is liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause when he knew or should have known Plaintiff was detained in the Holmes/Humphreys County Regional Correctional Facility without probable cause or judicial authority.

42.     Defendant Rule is also liable to Plaintiff for violation of his Fourth Amendment right to be free from unreasonable detention without probable cause by failing to supervise and train facility staff and failing to adopt policies and procedures to prevent the unlawful seizure and detention of persons without probable cause or judicial authority.

43.     Defendant Rule, as a requisite policy maker for Holmes/Humphreys County Regional Correctional Facility, instituted a policy or practice whereby certain detainees were unlawfully seized and indefinitely detained without access to courts or the benefit of basic constitutional rights, failed to supervise and train staff and adopt reasonable polices and procedures to prevent staff from seizing and detaining persons without probable cause or judicial authority

44.     Holmes/Humphreys County Regional Correctional Facility, by and through the actions and omissions of Defendant March and Defendant Rule, the relevant official policy makers for Holmes/Humphreys County Regional Correctional Facility, and its agents and employees is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his Fourth Amendment right to be free from unreasonable seizure and detention without probable cause or judicial authority or oversight for two-hundred-seventy-five (275) days.  Plaintiff's unlawful seizure was carried out pursuant to said policy or custom which was the moving force behind the constitutional violations.

45.     These Defendants owed Plaintiff a duty to act in accordance with Constitutional standards and the standards of accepted police policies and procedures. Defendants breached said duty by failing to act as reasonable law enforcement officers would act and acted in reckless disregard for the safety, well-being and Constitutional rights of Plaintiff, causing Plaintiff to be illegally seized, detained and incarcerated for two-hundred-seventy-five days in the Holmes/Humphreys County Regional Correctional Facility.

46.     As a proximate cause of these Defendants' acts and omissions Plaintiff was illegally confined in the Holmes/Humphreys County Regional Correctional Facility and deprived of his protected liberty interests  for two-hundred-seventy-five (275) days in reckless disregard for the safety of Plaintiff and in violation of his Fourth and Fourteenth Amendment rights to be free from unlawful seizure, and Plaintiff suffered damages, including but not limited to severe emotional distress, humiliation, loss of employment and wages and other resultant injuries.

## COUNT II - FOURTEENTH AMENDMENT DEPRIVATION

47.     The Fourteenth Amendment provides no person shall be deprived of life, liberty or property without due process of law. Prohibition against improper use of the formal restraints imposed by the criminal process lies at the heart of the liberty interest protected by the Fourteenth Amendment due process clause. _Jones v. City of Jackson_, 203 F. 3d 875 (5th Cir. 2000). The touchstone of due process is protection of the individual against arbitrary action of government, and is true with respect to both procedural and substantive due process. _Jauch v. Choctaw Cnty_., 874 F. 3d 425, 430 (5th Cir. 2017). The loss of personal liberty through imprisonment triggers due process protections. _Turner v. Roberts_, 131 S. Ct. 2507, 2518 (2011).

48.     At the time of Plaintiff's arrest and detention, Plaintiff had a clearly established

substantive and procedural constitutional right to be free from a deprivation of his liberty without due process of law.

49.     The substantive and procedural due process right to liberty required Defendant Roseman, Defendant James, Humphreys County, Defendant March, Defendant Rule, Holmes County, and Holmes Humphreys County Regional Correctional Facility to release Plaintiff when no probable cause or judicial authority existed to detain plaintiff.

50.     Plaintiff's two-hundred-seventy-five (275) day detention without probable cause or judicial authority violated Plaintiff's substantive and procedural Fourteenth Amendment due process right to liberty.

51.     Defendant James is liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process to liberty because he knew or should have known that no authority existed to detain Plaintiff when he transported Plaintiff on multiple occasions to and from legal proceedings before the Humphreys County Justice Court and returned Plaintiff to the Holmes/Humphreys. Regional Correctional Facility for continued detention without legal authority to detain Plaintiff.

52.     Defendant Roseman is liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty because he had actual and/or constructive knowledge Plaintiff was illegally arrested and was being illegally detained.

53.     Defendant Roseman is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to investigate and determine when a prisoner is to be released. *See Holland v. Attala Cnty.,* No 1:94-cv-206-D-D, 1995 U.S. Dist. LEXIS 21678, at *11 (N.D. Miss. July 31, 1995).

54.     Defendant Roseman is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to adopt reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison. *See Id.*

55.     Defendant Roseman is also constitutionally liable for failing to notify the Holmes/Humphreys County Regional Correctional Facility that no lawful authority existed to detain plaintiff thereby causing Plaintiff to remain unlawfully incarcerated.

56.     Defendant Roseman, as the requisite policy maker for Humphreys County, instituted a policy whereby certain arrestees were indefinitely detained without access to courts or the benefit of basic constitutional rights, failed to adopt, implement and enforce policies and procedures to investigate and determine when a prisoner is to be released, failing to adopt, implement and enforce reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison, and failing to adopt, implement and enforce polices and procedures to notify the Holmes/Humphreys County Regional Correctional Facility that no lawful authority existed to detain, and failed to appropriately train staff to properly perform their duties.

57.     Humphreys County, by and through the actions and omissions of its final policy making official, Defendant Roseman, is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his substantive and procedural Fourteenth Amendment due process right to liberty, and Plaintiff's unlawful detention was carried out pursuant to a policy or custom which was the moving force behind the constitutional violations of which the relevant policy maker had actual and/or constructive knowledge.

58.     Defendant Rule is liable to Plaintiff for violating his substantive and procedural

14

Fourteenth Amendment due process right to liberty because he had actual and/or constructive knowledge Plaintiff was being illegally detained at the Holmes/Humphreys County Regional Correctional Facility.

59.     Defendant Rule is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to investigate and determine when a prisoner is to be released. *See Holland v. Attala Cnty.,* No 1:94-cv-206-D-D, 1995 U.S. Dist. LEXIS 21678, at *11 (N.D. Miss. July 31, 1995).

60.     Defendant Rule is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to adopt reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison. *See Id.*

61.     Defendant Rule, as the requisite policy maker for the Holmes/Humphreys County Regional Correctional Facility, instituted a policy whereby certain detainees were indefinitely detained without access to courts or the benefit of basic constitutional rights, failed to adopt, implement and enforce policies and procedures to investigate and determine when a prisoner is to be released, failing to adopt, implement and enforce reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison, and failed to appropriately train staff to properly perform their duties.

62.     Defendant March is liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty because he had actual and/or constructive knowledge Plaintiff was being illegally detained at the Holmes/Humphreys County Regional Correctional Facility.

15

63.     Defendant March is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to investigate and determine when a prisoner is to be released. *See Holland v. Attala Cnty.,* No 1:94-cv-206-D-D, 1995 U.S. Dist. LEXIS 21678, at *11 (N.D. Miss. July 31, 1995).

64.     Defendant March is also liable to Plaintiff for violating his substantive and procedural Fourteenth Amendment due process right to liberty by failing in his duty to adopt reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison. *See Id.*

65.     Defendant March, as the requisite policy maker for Holmes County and as a requisite policy maker for the Holmes/Humphreys County Regional Correctional Facility, instituted a policy whereby certain detainees were indefinitely detained without access to courts or the benefit of basic constitutional rights, failed to adopt, implement and enforce policies and procedures to investigate and determine when a prisoner is to be released, failing to adopt, implement and enforce reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority exists to imprison, and failed to appropriately train staff to properly perform their duties.

66.     Holmes/Humphreys County Regional Correctional Facility, by and through the actions and omission of its final policy making officials, Defendant Rule and Defendant March, is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his substantive and procedural Fourteenth Amendment due process right to liberty and Plaintiff's unlawful detention was carried out pursuant to a policy or custom which was the moving force behind the constitutional violation of which the relevant policy makers had actual and/or constructive knowledge.

67.     Holmes County, by and through the actions and omissions of its final policy making

16

official, Defendant Rule, is liable to Plaintiff for its policy, practice, custom or usage of denying Plaintiff his substantive and procedural Fourteenth Amendment due process right to liberty, and Plaintiff's unlawful detention was carried out pursuant to a policy or custom which was the moving force behind the constitutional violations of which the relevant policy maker had actual and/or constructive knowledge.

68.    These Defendants owed Plaintiff a duty to act in accordance with Constitutional standards and the standards of accepted police policies and procedures. Defendants breached said duty by failing to act as reasonable law enforcement officers would act and acted in reckless disregard for the safety, well-being and Constitutional rights of Plaintiff.

69.    As a proximate result of these Defendants' unconstitutional actions and deliberate indifference for the safety, health and well-being of Plaintiff, Plaintiff was deprived of his protected liberty interest in violation of his Fourteenth Amendment rights to procedural and substantive due process, and was illegally confined and detained in the Holmes/Humphreys County Regional Correctional Facility for two-hundred-seventy-five (275) days in violation of his rights guaranteed by the Fourteenth Amendment to the United States Constitution.

## *(STATE LAW CLAIMS)*

## COUNT III - FALSE ARREST

70.    Defendant McPherson acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights when he caused Plaintiff to be arrested falsely, unlawfully, maliciously and without probable cause by failing to investigate before swearing out an affidavit against Plaintiff on behalf of the Humphreys County Sheriffs Department for grand larceny pursuant to § 97-17-41 of the Mississippi Code for allegedly attempting to steal diesel fuel. *See Foster v. Noel*, 715 So. 2d 174,

176 (Miss. 1998).

71.     Defendant Roseman and Humphreys County, by and through Defendant Roseman, acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights and caused Plaintiff to be arrested falsely, unlawfully, maliciously and without probable cause when Defendant Roseman failed to properly train deputies and failed to adopt reasonable policies and procedures concerning investigation and charging of crimes.

72.     Pursuant to § 97-17-41 of the Mississippi Code, a charge of grand larceny requires the taking and carrying away of the personal property of another of the value of one-thousand dollars or more.

73.     A proper investigation would have revealed it was impossible for Plaintiff to have stolen or attempt to steal one-thousand dollars ($1,000) worth of diesel fuel by filling up his vehicle.

74.     As a proximate result of these Defendants actions and omissions, Plaintiff was falsely arrested on the charge of grand larceny without probable cause in reckless disregard for Plaintiff's safety, well-being and constitutional rights.

**COUNT IV - FALSE IMPRISONMENT**

75.     Plaintiff two-hundred-seventy-five (275) detention was without probable cause or judicial authority and was unlawful.

76.     Defendant McPherson acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights when he swore out an affidavit against Plaintiff for grand larceny on behalf of the Humphreys County Sheriff's Department without conducting a proper investigation and without probable cause which caused Plaintiff to be falsely arrested and detained

18

77.     Defendant James acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights when he caused Plaintiff to be detained without probable cause, judicial authority or legal process when he transported Plaintiff multiple times to and from court proceedings before the Humphreys County Justice Court and returned Plaintiff to the Holmes/Humphreys County Regional Corrections Facility for continued detention.

78.     Defendant Roseman and Humphreys County, by and through Defendant Roseman, acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights when Defendant Roseman directed that Plaintiff be transported to and detained in the Holmes/Humphreys County Regional Correctional Facility.

79.     Defendant Roseman and Humphreys County, by and through Defendant Roseman, also acted in reckless disregard for Plaintiff's safety, well-being and constitutional rights when  he failed in his duty to investigate and determine when a prisoner is to be released in accordance with lawful authority to detain and incarcerate.

80.     Defendant Roseman and Humphreys County, by and through Defendant Roseman, also acted in reckless  disregard for Plaintiff's safety, well-being and constitutional rights when he failed to adopt reasonable internal procedures to ensure a good faith belief based upon objective circumstances that valid legal authority to detain Plaintiff existed.

81.     As a direct and proximate result of these Defendants actions and omissions, Plaintiff was falsely detained and  imprisoned without probable cause, judicial authority or judicial oversight for two-hundred-seventy-five (275) days in the Holmes/Humphreys County Regional Correctional Facility in reckless disregard for Plaintiff's safety, well-being and constitutional rights.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82.     The conduct and constitutional violations of Defendants Roseman, McPherson, James and Humphreys County were so outrageous and so extreme as to go beyond all possible bounds of decency such that it is regarded as atrocious and utterly intolerable in a civilized society.

83.     While unlawfully and unconstitutionally detained due to Defendants' conduct, Plaintiff was assaulted and suffered physical harm requiring treatment of medical professionals.

84.     But for Plaintiff's unlawful incarceration and the extreme and outrageous conduct of these Defendants, Plaintiff would not have suffered injury.

85.     Defendants Roseman, McPherson, James and Humphreys County are therefore liable to Plaintiff for Intentional Infliction of Emotional Distress.

## DAMAGES

86.     As a direct and proximate result of Defendants' gross, reckless and/ or intentional acts and omissions described herein, Plaintiff has suffered, physical and emotional harm, mental anguish, loss of employment and wages, mental distress, psychological injury, loss of earning capacity, deprivation of his constitutional rights, and other resultant injuries.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for actual and compensatory damages against all Defendants, for punitive damages against all Defendants, for reasonable attorney's fees pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Plaintiff is entitled.

Plaintiff prays for general relief.

20

**RESPECTFULLY SUBMITTED**, this the 27th day of July, 2021.

JERRY WAYNE ROLAND
Plaintiff

By: */s/ S. David Norquist*
      S. David Norquist, MSB# 9512
      Christopher N. Bailey, MSB# 104152
      NORQUIST, LEVINGSTON & BAILEY, PLLC
      201 South Pearman Ave.
      Cleveland, Mississippi 38732
      Telephone: (662) 843-1500
      Fax: (662) 843-0500
      Email: david@norquistlevingston.com
            cbailey@norquistlevingston.com


      Boyd P. Atkinson, MSB# 8324
      Attorney at Law
      P.O. Box 427
      Cleveland, Mississippi 38732
      Telephone (662) 843-9766
      Email: atkinsonboydp@yahoo.com

21

## <u>CERTIFICATE OF SERVICE</u>

I, S. David Norquist, one of the attorneys of record for Plaintiff, Jerry Wayne Roland, do hereby certify that I have this date filed the above and foregoing First Amended Complaint via the ECF System which sent notice of such filing to the following:

Rebecca B. Cowan
Currie, Johnson, Griffin & Myers
1044 River Oaks Drive
Jackson, Mississippi 39232
email: bcowan@curriejohnson.com

This, the 27th day of July, 2021.

/s/ S. David Norquist
S. David Norquist