IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERRY WAYNE ROLAND**                                                       **PLAINTIFF**

**V.**                            **NO. 4:20-CV-111-DMB-DAS**

**HUMPHREYS COUNTY,
MISSISSIPPI, et al.**                               **DEFENDANTS**

## ORDER

On April 23, 2021, the individual defendants[1] moved for summary judgment on Jerry Wayne Roland's claims against them. Doc. #57. Because the motion for summary judgment raised a qualified immunity defense, United States Magistrate Judge David A. Sanders, on the defendants' motion,[2] stayed discovery on May 3, 2021, but allowed Roland to seek within fourteen days leave to conduct qualified immunity discovery. Doc. #62.

On May 17, 2021, after the expiration of his deadline to respond to the summary judgment motion, Roland filed a motion seeking "to conduct necessary and appropriate discovery concerning Defendants' qualified immunity defenses." Doc. #63. However, he did not ask to extend his deadline to respond to the summary judgment motion. *See id.* Judge Sanders subsequently permitted Roland to depose two of the three individual defendants by July 1, 2021.[3] Doc. #67. But Roland subsequently never asked for an extension of the response deadline in light of the allowed depositions.

---

[1] The three individual defendants, all of whom are named in both their individual and official capacities, are Sheriff Charles Sharkey, Deputy Dexter McPherson, and Deputy Jeffery Jones. Doc. #1.

[2] Doc. #59.

[3] The docket shows Roland noticed the depositions of Jones and McPherson. Docs. #71, #72. But, beyond the representation in the instant motion, there is nothing on the docket indicating the depositions occurred. *See* L.U. Civ. R. 5(d)(2) ("Immediately upon receipt of the original deposition, the party serving as custodian must file a copy of the cover sheet of the deposition and a notice that all parties of record have been notified of its receipt by the custodian.").

On September 10, 2021, the individual defendants moved for "an Order setting a deadline for the plaintiff to respond to their Motion for Summary Judgment." Doc. #81. As grounds, they represent that "[o]ver two months have passed since [the allowed] depositions were taken [but] the plaintiff has not filed a response … or requested a time or deadline to respond." *Id.* at 2.

Roland's response to the summary judgment motion was due May 7, 2021. *See* L.U. Civ. R. 7(b)(4) (response to a motion due within fourteen days of service); *id*. 7(b)(3)(A) ("[T]he opposing party must either respond to the motion or notify the court of its intent not to respond."). Because he failed to meet this deadline, he now bears the burden of showing both "good cause" and "excusable neglect" for his failure to respond before any response by him may be allowed. *See* Fed. R. Civ. P. 6(b)(1)(B).

To date, Roland has not sought to extend his response deadline, much less present any argument explaining his failure to meet the deadline. And while the individual defendants apparently consent to Roland having an extension to respond since they now ask the Court to set a response deadline, Roland must still demonstrate excusable neglect before any request for an extension is granted. *See Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015). Accordingly, the individual defendants' motion to set a response deadline [81] is **DENIED**. However, Roland is **ORDERED TO SHOW CAUSE** within seven (7) days of this order as to why he has failed to comply with Local Rules 7(b)(4) and 7(b)(3)(A) and, to the extent he intends to respond, why he should be allowed leave to do so at this point.

**SO ORDERED**, this 16th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2