IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERRY WAYNE ROLAND**            **PLAINTIFF**

V.            NO. 4:20-CV-111-DMB-DAS

**HUMPHREYS COUNTY,**
**MISSISSIPPI, et al.**            **DEFENDANTS**

**OPINION AND ORDER**

Jerry Wayne Roland filed a complaint against Humphreys County, its sheriff, and two of its deputies, alleging he was unlawfully incarcerated for approximately nine months. The individual defendants have moved for summary judgment on Roland's individual and official capacity claims against them. Because the official capacity claims are duplicative of claims against Humphreys County, because the parties stipulated to the dismissal of certain claims, and because Roland has abandoned the only federal claim properly before the Court as to the remaining individual defendant, summary judgment will be granted in part and denied in part. Further, Roland will be ordered to show cause why summary judgment is not proper on the state law claims as to the remaining individual defendant.

**I**
**Procedural History**

On June 25, 2020, Jerry Wayne Roland filed a complaint in the United States District Court for the Northern District of Mississippi against Humphreys County, Mississippi; Sheriff Charles Sharkey, in his individual and official capacities; Deputy Dexter McPherson,[1] in his individual and official capacities; and Deputy Jeffery Jones, in his individual and official capacities. Doc. #1.

---

[1] The spelling of McPherson's name is inconsistent in the record. *See* Doc. #58 at 1 (using both "McPherson" and "McPhearson"). The Court uses the spelling set forth in the complaint.

The complaint alleges violations of Roland's Fourth, Fifth, and Fourteenth Amendment rights, as well as claims for intentional infliction of emotional distress and negligence, arising from Roland's incarceration at the Holmes/Humphreys County Regional Correctional Facility. *Id.* at PageID 4–8.

Following an entry of default against the defendants,[2] three unsuccessful motions for default judgment by Roland,[3] and the defendants' successful motion to set aside the default,[4] the defendants answered the complaint on February 10, 2021.[5] Doc. #47. Two days later, the defendants filed an amended answer. Doc. #49.

On April 23, 2021, Sharkey, McPherson, and Jones, in both their individual and official capacities, moved for summary judgment, asserting that the official capacity claims against them are actually claims against Humphreys County and that they enjoy qualified immunity on the individual capacity claims. Doc. #57.[6] The same day, the individual defendants filed a separate motion to stay discovery pending a ruling on the summary judgment motion. Doc. #59. United States Magistrate Judge David A. Sanders granted the motion to stay. Doc. #62. However, after Roland moved to conduct qualified immunity discovery,[7] Judge Sanders allowed Roland to depose both McPherson and Jones. Doc. #67.

On June 18, 2021, Roland sought leave to file an amended complaint. Doc. #68. On the day their response to the motion to amend was due, the defendants filed a motion "to waive their

---

[2] Doc. #8.

[3] Docs. #9, #18, #38.

[4] Doc. #19.

[5] The defendants were granted leave to answer the complaint. Doc. #46. They initially answered the complaint on September 15, 2020, after default had been entered against them and without leave of the Court. Doc. #15.

[6] The motion for summary judgment is fully briefed. Docs. #58, #89, #95.

[7] Doc. #63.

response" because "plaintiff's counsel informed counsel for the defendants that he intends to file an amended motion to amend complaint." Doc. #73. Judge Sanders granted the motion to waive. Doc. #74.

On July 21, 2021, noting that "[t]he court cannot move the case forward without having the operative complaint under which the plaintiff intends to proceed," Judge Sanders ordered Roland to "either move to amend [his] motion to amend or file a new motion to amend [his] complaint within seven days." Doc. #76. Six days later, Roland filed his first amended complaint. Doc. #77. On the defendants' motion,[8] Judge Sanders struck the amended complaint because it was filed without leave. Doc. #79. Judge Sanders subsequently denied the original motion to amend, finding "that the motion was effectively withdrawn by the plaintiff." Doc. #80.

On November 9, 2021, the parties stipulated to the dismissal with prejudice of the claims against Sharkey in his individual capacity and all claims against Jones.[9] Doc. #97.

## II
## Summary Judgment Standard

A court shall enter summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020).

---

[8] Doc. #78.

[9] The parties filed an initial stipulation on October 29, 2021. Doc. # 96. But because the signatures of Humphreys County and McPherson were not on the initial stipulation, *see id.*, it was not "signed by all parties who ha[d] appeared" as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

3

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Jones*, 936 F.3d at 321 (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (cleaned up).

### III
### Relevant Facts

While working as a deputy sheriff for the Humphreys County Sheriff's Department[10] in December 2018 and January 2019, McPherson "investigated a report from Nerren & Sons Farm in Isola, Mississippi that … Roland was stealing diesel from its facilities" and, based on statements "from individuals familiar with the crimes, [he] signed an affidavit for … Roland's arrest for grand larceny." Doc. #57-2. Based on the affidavit and three witness statements,[11] an arrest warrant was issued for Roland on December 4, 2018. Doc. #88-2 at PageID 1208–13.

On January 3, 2019, Tommy Gates filed charges against Roland[12] for burglary of a commercial building. Doc. #94-1 at PageID 1253, 1262–63. Gates alleged Roland stole a propane tank, a battery charger, "a tool box full of tools," and diesel fuel. *See id.* at PageID 1257.

---

[10] Jones was employed by Humphreys County Sheriff's Department from 2015 until 2020. Doc. #94-3 at 6–7. Because he has been dismissed from this action, *see* Doc. #97, the facts surrounding his encounter with Roland are no longer relevant to the summary judgment issues.

[11] The signed witness statements were from Ward A. Jackson, Terich Earvin, and R.H. Eubanks. Doc. #88-2 at PageID 1210–12.

[12] Gates listed Roland's name as "Wayne Rowland." Doc. #94-1 at PageID 1262.

4

According to an entry in the "Offender Management System," Roland was arrested by Officers Foxworth and Thurman and placed in holding in Humphreys County[13] on January 5, 2019. Doc. #88-5. A hand-written entry on the jail docket indicates Roland was charged with "burglary (warrant/old fines)" and was transferred on January 8, 2019. Doc. #94-2. On that date, Roland was booked into Holmes/Humphreys County Regional Correctional Facility on charges of burglary and grand larceny. Doc. #88-3.

On January 7, 2019, at Roland's initial appearance on the burglary charge, David James, the chief investigator for the Humphreys County Sheriff's Department, "agreed to reduce the grand larceny charges … to a misdemeanor charge of trespassing." Doc. #94-1 at PageID 1251–52. James issued Roland "a Uniform Arrest Ticket" but Roland "was not placed under arrest as a result of this ticket." *Id.* at PageID 1252. However, Roland was denied bond on the burglary charge because "he was beligerant,[sic] disrespectful, uncooperative and unruly during the initial appearance." *Id.* at PageID 1260. On January 8, 2019, the grand larceny charge was officially reduced to trespassing. Doc. #88-2 at PageID 1214. Roland was found guilty on the trespassing charge on February 21, 2019, and ordered to pay a fine of $266.75. *Id.* at PageID 1224. A "Judgment/Addendum Information" computer entry indicates that Roland was required to pay the fine before release.[14] *Id.* at PageID 1221. At a March 14, 2019, preliminary hearing, it was determined there was not probable cause to support the felony burglary charge, and the charge was dismissed. Doc. #94-1 at PageID 1255–56.

Roland was released from Holmes/Humphreys County Regional Correctional Facility on October 11, 2019. Doc. #88-4. A "Time Served Order" shows Roland was incarcerated from

---

[13] It is not clear from the record where Roland was in holding but based on his subsequent transfer to Holmes/Humphreys County Regional Correctional Facility, he was not initially at that facility.

[14] The record does not indicate whether the fine was ever paid.

January 5, 2019, until October 11, 2019, on three separate charges: (1) "simple assault-attempt;" (2) threatening; and (3) trespassing. Doc. #88-2 at PageID 1225.

Sharkey "was elected Sheriff of Humphreys County in November 2019, but … did not begin to serve in that elected position until January 2020" and "was not a member … or employee of the Humphreys County Sheriff's Department prior to being elected." Doc. #57-1.

## IV
## Analysis

Roland alleges that "[b]ecause of the Defendants' actions, [he] was forced to be incarcerated for 275 days, 19 hours and 7 minutes." Doc. #1 at PageID 3. Sharkey, McPherson, and Jones move for summary judgment on all claims against them in both their individual and official capacities. Doc. #57

### A. Individual Capacity Claims against Sharkey and All Claims against Jones

Because the parties stipulated to the dismissal with prejudice of the claims against Sharkey in his individual capacity and all claims against Jones in both his official and individual capacities, the motion for summary judgment is denied as moot with respect to those claims.

### B. Official Capacity Claims

McPherson argues Roland's official capacity claims against him should be dismissed because they "are duplicative of his claims against Humphreys County, which is a defendant in this case." Doc. #58 at 6. Sharkey argues that because "he was not an employee of Humphreys County during the times in question, Roland has no official capacity claim against him … for obvious reasons." *Id.* at 7 n.3. In response, Roland argues that "Sharkey is still subject to suit in his official capacity as the relevant representative for Humphreys County" but Roland does not address his official, rather than individual, capacity claims against McPherson. Doc. #89 at 2.

McPherson reiterates in his reply[15] that official capacity claims against both Sharkey and McPherson are duplicative of the claim against Humphreys County. Doc. #95 at 1 n.1.

"Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, "an official-capacity suit is … to be treated as a suit against the entity." *Id.* "The Fifth Circuit has held that it is appropriate to dismiss claims against officers in their official capacities when the 'allegations duplicate claims against the respective governmental entities themselves.'" *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 832 (S.D. Tex. 2011) (quoting *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001)).

Roland's official capacity claims against both McPherson and Sharkey[16] are actually claims against Humphreys County and, because the County is named as a defendant in this action, are duplicative of claims already asserted and are properly dismissed.

### C.  § 1983 Individual Capacity Claims against McPherson

In moving for summary judgment, McPherson argues that because he did not make the decision to jail Roland or have authority to make the decision to continue to hold him, "Roland has no claim against [him] for violating his constitutional rights" and that he "enjoys qualified immunity to Roland's claims against him." Doc. #58 at 6. In response, Roland presents arguments regarding whether McPherson had probable cause when "he executed the affidavit and procured the arrest warrant for [him] for grand larceny" but fails to address McPherson's statement that he did not make the decision to jail him. Doc. #89 at 4. McPherson replies that the arrest claim is

---

[15] Sharkey did not join in McPherson's reply or file a separate reply.

[16] Despite Roland's argument that Sharkey is properly named as the representative of Humphreys County, "[t]he Supreme Court noted in *Graham* that there is no longer a need to bring official-capacity actions against local government officials, for under *Monell* [*v. Dep't of Social Services*, 436 U.S. 658 (1978)], local government units can be sued directly." *Thomas*, 800 F. Supp. 2d at 833 (cleaned up).

not properly before the Court and, regardless, Roland has not provided any evidence "to support his claim that he was arrested on January 5, 2019, solely for grand larceny." Doc. #95 at 3, 6.

"To state a claim under Section 1983, a plaintiff must assert facts to support that a person acting under color of state law denied the plaintiff a right under the Constitution or federal law." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016). "To be liable under § 1983, [the defendant] must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

### 1. Unlawful detention

McPherson's argument in support of summary judgment relies on his own declaration in which he states he "had no further dealings whatsoever with Mr. Roland after signing the affidavit" for the grand larceny warrant and "had no authority whatsoever to decide when an individual was to be jailed." Doc. #57-2. Roland does not present any argument or evidence to contradict McPherson's argument and evidence that he was not involved in the decision to jail him. This failure to respond amounts to an abandonment of this claim. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."); *City of Canton v. Nissan N. Am., Inc.*, 870 F. Supp. 2d 430, 437 (S.D. Miss. 2012) ("Failure to address a claim results in the abandonment thereof."). Even had Roland not abandoned the claim, he has not shown his detention was causally connected to McPherson's signing of the grand larceny affidavit. Indeed, the summary judgment record shows Roland was arrested and held from January 5–8 for "burglary (warrant/old fines)" and that he was denied bail on the burglary charge for his

behavior at his initial appearance. Summary judgment on this claim will be granted in McPherson's favor accordingly.[17]

### 2. Unlawful seizure

In response to the summary judgment motion, Roland raises arguments under *Malley v. Briggs*[18] that McPherson lacked probable cause at the time he signed the affidavit. Doc. #89 at 4–11. The parties dispute whether the complaint sufficiently challenges McPherson's "unlawful and unreasonable seizure"[19] of Roland to properly put an unlawful seizure claim before the Court.

"It is well settled in [the Fifth Circuit] that a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021) (cleaned up). Under the federal pleading standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

The only facts in the complaint pertaining to McPherson are that "[o]n January 8, 2019, the Defendant, Deputy Dexter McPherson, arrested the Plaintiff on a charge of grand larceny[; t]he Plaintiff subsequently made bond on this charge;" the grand larceny charge was reduced to trespassing on February 21, 2019; and despite the reduction of the grand larceny charge and dismissal of the burglary charge, Roland "was forced to be incarcerated for 275 days, 19 hours, and 7 minutes." Doc. #1 at PageID 2–3. The complaint lists three "Causes of Action": (1)

---

[17] Since Roland has not shown a causal connection, the Court need not determine whether McPherson is entitled to qualified immunity. *See Roberts v. City of Shreveport*, 397 F.3d 287, 291–92 (5th Cir. 2005) ("As a prerequisite [to a qualified immunity analysis], a plaintiff must identify defendants … whose acts are causally connected to the constitutional violation alleged.").

[18] 475 U.S. 335 (1986).

[19] Doc. #89 at 2.

"Violation of 42 U.S.C. Section 1983: Arrest and Detention," which challenges Roland's confinement; (2) intentional infliction of emotional distress; and (3) negligence.[20] *Id.* at PageID 4. All of the facts alleged in support of Roland's claims pertain to his detention. *See id.* As the complaint does not contain any facts regarding the circumstances surrounding Roland's arrest sufficient to allege that McPherson lacked probable cause, the Court concludes a probable cause claim is not properly before the Court.[21] *See Jackson*, 3 F.4th at 189 (plaintiffs' claim that sheriff "failed to adequately train his officers to deal with *mentally unstable individuals*" was not properly before the court where the complaint alleged the sheriff "failed to adequately train his officer to avoid *excessive force*").

### D. State Law Claims

Roland's intentional infliction of emotional distress claim asserts that "the Defendants' extreme and outrageous conduct, and reckless disregard for [his] safety and well being … caused severe emotional distress." Doc. #1 at PageID 4. His negligence claim asserts that the defendants owed him a duty to "act in accordance with the standards of accepted police procedure" and breached this duty by "failing to act as reasonable law enforcement officers would act … causing [him] to be illegally incarcerated." *Id.* at PageID 4–5. McPherson contends that Roland "does not make any state law claims against" him, *see* Doc. #58 at 1, and thus does not make any argument as to why summary judgment is proper on the state law claims.

---

[20] The complaint also lists separate "claim[s] for relief" against Sharkey and Humphreys County under § 1983. Doc. #1 at PageID 6–7.

[21] Although a district court may construe an argument raised in response to a dispositive motion as a motion for leave to amend, this sort of relief—"construing a request for *X* as an implied request for *Y*—is normally reserved for pro se litigants." *Jackson*, 3 F.4th at 189. Because Roland at all times has been represented by counsel and has unsuccessfully moved to amend his complaint, the Court declines to construe the newly-asserted false arrest claim as a motion to amend.

"Typically, a district court may grant summary judgment only on grounds requested by the moving party." *Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021). However, a court may grant summary judgment *sua sponte* after giving the parties notice and opportunity to respond. *Id.*; *see* Fed. R. Civ. P. 56(f)(3) ("After giving notice and a reasonable time to respond, the court may … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").

Based on the evidence before the Court, Roland has not shown a causal connection between McPherson's conduct and Roland's incarceration. Accordingly, Roland will be ordered to show cause why summary judgment in McPherson's favor on the state law claims is not warranted.

## V
## Conclusion

The defendants' motion for summary judgment [57] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent summary judgment is sought on Roland's official capacity claims against Sharkey and McPherson and as to Roland's § 1983 claim against McPherson in his individual capacity. It is DENIED as moot in all other respects. Within fourteen (14) days, Roland must **SHOW CAUSE** why summary judgment on his state law claims against McPherson is not proper.[22]

**SO ORDERED**, this 14th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[22] The defendants may respond to Roland's show cause response within fourteen days. Roland may file a reply within seven days of the defendants' response.